## Osborne v. United States.

1. A distiller's bond taken in pursuance of the act of July 20th, 1868, imposing taxes on distilled spirits, and which enacts "that a distiller shall on filing with the assessor notice of an intention to commence business, make a bond with sureties, to be approved by the assessor, and that no bond of a distiller shall be approved unless he is the owner in fee, unincumbered, of the land on which the distillery is, or unless he files with the assessor, in connection with his notice, the written consent of the owner of the fee, and of any person having a lien thereon, that the premises may be used for the purpose of distilling spirits, subject to the provisions of law, and stipulating that the lien of the United States for taxes and penalties shall have priority of such incumbrance, and that in case of the forfeiture of the distillery premises, the title of the same shall vest in the United States, discharged from such incumbrance," is not void, even as against sureties to the bond, because the ground was incumbered, and because it being so the bond was approved without the consent of the incumbrancers to postpone their liens; the bond not having been delivered as an escrow simply.
2. This is not altered by the fact that if the consent of the incumbrancers had been got to postpone their liens, the ground on which the distillery stood was of sufficient value to discharge the taxes due by the distiller and so relieve the sureties from their personal obligations.

ERROR to the Circuit Court for the Eastern District of Pennsylvania.

The United States brought suit in the court below against Ann Osborne, administratrix of Joseph Osborne, deceased, upon a distiller's bond, executed by Samuel McMillan as principal, and by Robert Fletcher and the decedent, the said Joseph Osborne, as sureties, in pursuance of the provisions

---

* West Tennessee Bank v. Citizens' Bank, 13 Wallace, 432; Bethell v. Demaret, 10 Id. 537.

of the seventh section of the act of July 20th, 1868,* "Imposing taxes on distilled spirits, and for other purposes." This section enacts:

"That every distiller shall, on filing his notice of intention to continue or commence business, make and execute a bond in form prescribed by the commissioner of internal revenue, with at least two sureties, to be approved by the assessor of the district."

The eighth section of the act further enacts:

"That no bond of a distiller shall be approved unless he is the owner in fee, unincumbered by any mortgage, judgment, or other lien, of the lot or tract of land on which the distillery is situated, or unless he files with the assessor, in connection with his notice, the written consent of the owner of the fee and of any mortgagee, judgment creditor, or other person having a lien thereon, duly acknowledged, that the premises may be used for the purpose of distilling spirits subject to the provisions of law, and expressly stipulating that the lien of the United States for taxes and penalties shall have priority of such mortgage, judgment, or other incumbrance, and that in case of the forfeiture of the distillery premises or any part thereof, the title of the same shall vest in the United States, discharged from any such mortgage, judgment, or other incumbrance."

When the bond upon which this action was brought was delivered to and approved by the assessor, the distillery premises were incumbered by certain judgment liens, and the bond was approved and McMillan permitted to commence and continue his business without their release or a stipulation for their postponement. The distillery and the ground on which it was would have been of sufficient value to secure the claim now set up by the government (which was for unpaid internal revenue taxes), if the claim for the government taxes had had priority of the judgment liens; but, postponed by them, it was insufficient. The defendant pleaded these facts, but none others, in bar to a recovery against her.

---

* 15 Stat. at Large, 127.

To the plea thus made the United States demurred. The court below sustained the demurrer, and gave judgment upon the bond. To reverse this judgment this writ of error was prosecuted.

*Mr. D. W. Sellers, for the plaintiff in error :*

All *statutory* bonds are executed with relation to the statutes under which they are given, and their obligation is the same as it would be if the statute were inserted in them. In the present case no bond could *be approved by the assessor* until the lien of the United States for taxes should have priority, and no distiller could lawfully commence to distil until the assessor had approved the bond. Till then all was *in fieri.* An execution and a delivery of a bond which the assessor could not lawfully approve until the distillery premises were subject to the lien of taxes before all other liens, was accordingly the execution and delivery of nothing but an *escrow.* The demurrer admits that the distillery and ground whereon it was erected, was sufficient to secure the debt due the United States. Whatever loss thereon has occurred to the government has occurred, therefore, by the assessor's neglect of his duty. He is the servant of the United States. For loss accruing to the United States, he has given bond. The surety has no action against him on that bond, and he cannot compel the United States to subrogate.

This disregard of the law, by the assessor, was not of a matter formal and directory, but substantial and mandatory. The license of the assessor would not have justified the distiller, if he had been indicted for violating the law.

The provisions avoided by the assessor and distiller ought to be enforced against the government in the collection of the present tax, as those of a tax law were under circumstances very similar in principle in *French* v. *Edwards.**

We submit, therefore, that the court below erred in sustaining the demurrer to the plea.

---

* 13 Wallace, 506.

*Mr. C. H. Hill, Assistant Attorney-General,* citing *United States* v. *Hodson,** and *Dair* v. *United States,*† contended, *contra,* that the demurrer was rightly sustained.

The CHIEF JUSTICE delivered the opinion of the court.

The Circuit Court did not err in sustaining the demurrer to the plea of the plaintiff in error. The object of the eighth section of the act of Congress was to protect the government, not the sureties upon the bond. By that section the assessor was not permitted to approve a distiller's bond unless the distillery property was unincumbered as against the United States. If he did he made himself liable to the government for his default, but he violated no duty he owed the sureties. He was under no obligation to protect the signers of the bond. If the sureties insisted upon a release of the incumbrances as a condition to their becoming bound, they should have taken care to see that the bond was not approved until all the requirements of the statute in favor of the government had been complied with. The assessor was in no respect called upon to act for them. If they failed to secure all the indemnity they might have had it was their fault, and not that of the United States. As to them certainly this section of the act is directory to the assessor and not mandatory.

But it is directory also as to the United States. The assessor is a ministerial officer. He is directed not to approve a distiller's bond until the distillery property is made free from incumbrances as against the claims of the government. He ought to insist upon this. If he fails to perform this duty the government will lose a part of the security it was entitled to have, but this will not prevent it from availing itself of so much as it has obtained.

It is not averred in the plea that the bond was delivered to the assessor as an escrow, to be approved and made binding upon the obligors only when the incumbrances were released. It is not even averred that the assessor, when he

---

* 10 Wallace, 395.                    † 16 Id. 1.

approved the bond, had actual knowledge of the existence of the alleged incumbrances. But the theory of the plea is that the act of Congress made the United States a guarantor to the surety that the distillery property was free from incumbrances at the time of the approval of the bond. In our opinion such is not the law.

JUDGMENT AFFIRMED.