No. 131.

## WOLF *v.* GOODWIN.

BILL OF EXCEPTIONS.— *How Set Out.*— *Certification of.*—A bill of exceptions can not be regarded as a part of the record, unless it be set out in the transcript of the record of the cause as made and certified by the clerk of the circuit court.

EVIDENCE.—*Newly Discovered.*— *What Record Must Disclose.*—The rule that the right to a new trial depends largely upon whether the newly discovered evidence would be cumulative, as, also, whether if not cumulative, it would change the result on a second trial, makes it indispensable that the record on appeal should disclose what the issues and evidence were in the first trial, as well as what is the newly discovered evidence.

From the Tipton Circuit Court.

*J. Jones,* for appellant.

*J. N. Waugh, J. P. Kemp, R. P. Beauchamp* and *W. W. Mount,* for appellee.

NEW, C. J.—The appellant's complaint was for a new trial on the ground of newly discovered evidence under section 396 of the code.

The court below, after hearing the evidence, refused to grant a new trial, and this is assigned as error by the appellant.

The record, as we find it, presents nothing for our decision.

The issues and evidence in the original case are not set out in the complaint for a new trial. And that which the appellant would have us treat as a bill of exceptions does not contain the evidence given in the trial to which the application relates. It contains what purports to be the newly discovered evidence, but it is not properly in the record.

A bill of exceptions can not be regarded as a part of the record, unless it be set out in the transcript of the record of the cause as made and certified by the clerk of the circuit court. That has not been done in this case. The bill of

exceptions is neither in, nor referred to, in the transcript; it is entirely outside of and independent of the certified transcript. It is not shown when the bill of exceptions was filed, nor does it appear that an exception was reserved by the appellant to the overruling of the motion for a new trial.

In the case of *Sanders* v. *Loy*, 45 Ind. 229, the court, in speaking of the rule of practice in cases like this, says: " The application, when made after judgment and at a subsequent term of the court, must, as we have seen, be regarded as an independent proceeding, and must set out the issues upon the former trial and the evidence given on such trial, with the newly discovered evidence. An issue must be formed on the complaint, and the issue thus formed must be tried by the court. Upon such trial, the plaintiff should introduce in evidence the record of the former trial, prove what the evidence was upon such trial, the newly discovered evidence, and show that it had been discovered since the term when the case was formerly tried, and what diligence he had used to discover the evidence before the former trial. The defendant should in like manner introduce his evidence orally before the court. If the new trial is refused, the party appealing to this court should put into the record by a bill of exceptions all the evidence, documentary and oral, which was offered and considered by the court in the application for a new trial." See, also, *Hines* v. *Driver*, 100 Ind. 315.

The rule that the right to a new trial depends largely upon whether the newly discovered evidence would be merely cumulative, as also whether, if not cumulative, it would change the result on a second trial, makes it indispensable that the record on appeal should disclose what the issues and evidence were in the first trial, as well as what is the newly discovered evidence.

The judgment is affirmed, with costs.

Filed June 13, 1891.