HARRIS ET UX. *v.* UNITED STATES SAVINGS FUND AND INVESTMENT COMPANY.

146  265|
159  555|

[No. 17,828.   Filed November 24, 1896.]

COURTS.—*Special Judge.*—The regular judge of a circuit court, who, because of his disqualification, appoints a special judge to hear an action for the foreclosure of a mortgage, may after a decree of foreclosure and a personal judgment in the action, and at the same term of court, appoint another special judge to hear an application for the appointment of a receiver of the rents of the land, and such latter appointee has jurisdiction to hear and determine the application.

RECEIVERS.—*Sufficiency of Petition.*—*Mortgage.*—A petition, subsequent to a personal judgment and decree of foreclosure of a mortgage, for the appointment of a receiver of the rents and profits of

the real estate is sufficient, where such petition discloses that the property is inadequate to secure the debt, that the debtor is insolvent, that the mortgagors do not occupy the property, and that the security is in peril from the lapse of insurance and the maturity of taxes.

SAME.—*Mortgage.—Debtor's Right of Exemption.*—Where a decree for the foreclosure of a mortgage has been procured, the right of the debtor to exemption of the rentals of the mortgaged property is no objection to the appointment of a receiver of rents upon a showing that the debtor is insolvent and the security inadequate, where the order directs the receiver to apply the rentals to insurance and taxes, and to retain the balance subject to the future order of the court.

From the Hendricks Circuit Court. *Affirmed.*

*Charles Foley*, for appellants.

*Hogate & Clark* and *Cofer & Hadley*, for appellee.

HACKNEY, J.—The appellee, the United States Savings Fund and Investment Company, obtained a personal judgment against the appellant, John W. Harris, and the foreclosure of a real estate mortgage against him and his wife, Lottie B. Harris, who is also an appellant herein.

Because the regular judge of the lower court was interested in the appellee company, he appointed the judge of another circuit to preside in said cause as special judge. After the judgment and decree above mentioned were duly entered and signed by said special judge, but during the same term of court, the appellee filed a petition against the appellants for the appointment of a receiver to take charge of the property included in said decree. Upon the return day of the summons issued upon said petition, to-wit: seventeen days after the entry of said judgment and decree, the regular judge of said court, by reason of his interest aforesaid, appointed a member of the bar of said court to hear the proceedings upon said petition. The petition set up the judgment and decree above mentioned, and alleged that the property was not of suf-

ficient value by the sum of $500.00 to discharge said decree; that John W. Harris was insolvent; that appellants owned the property as tenants by entirety, but did not occupy the same; that insurance on the building would soon expire; that appellee had been and would be required to pay the taxes upon said property, and that its rental value was from $8.00 to $12.00 per month. The prayer asked that a receiver "apply the income, rents and profits from said real estate as the court shall direct and as equity demands."

By way of answer in abatement, the appellants pleaded the said first appointment of a special judge in the original suit; that he had presided as above stated, and that his appointment had never been revoked or set aside, and that he had not declined to act further, but that no effort had been made to procure his further attendance; that they had objected to the appointment of said second special judge, and that, by reason of said facts, he was not authorized to preside in the hearing of said petition.

To this answer the court sustained the appellee's demurrer, and thereupon the appellants offered to consent to the appointment of a receiver upon the condition that the net proceeds of the rentals, after paying costs of receivership, taxes, insurance and maintenance of property, be paid to them. This offer was declined by the appellee, and the appellant, John W. Harris, answered further, admitting the allegations of the petition, alleging facts disclosing that he was a resident householder of the State and entitled to exempt property from execution; that he had only his interest in the real estate in question and the rentals thereof, and he claimed said rentals as exempt from execution and denied the right to a receiver therefor. To this answer the court sustained the appellee's de-

murrer. The appellant, John W. Harris, declined to plead further. Lottie B. Harris answered further in general denial, and upon a hearing by the court a receiver was appointed. At this point in the proceedings the appellants moved the court to order said receiver to distribute the net proceeds, after paying costs, etc., to them, which motion was overruled, and the court thereupon ordered the receiver to preserve the property, pay taxes and insurance and to abide the further order of the court.

The sufficiency of the petition, the jurisdiction of said second special judge and the right of John W. Harris to an exemption of said rentals are the questions argued in this court.

The court, through its regular judge, notwithstanding the change of venue or change from such regular judge, possessed jurisdiction to name the special judge who should hear and determine the cause, or any part thereof undisposed of. *Stinson* v. *State, ex rel.*, 32 Ind. 124; *Glenn* v. *State*, 46 Ind. 368; *Hutts* v. *Hutts*, 51 Ind. 581.

The proceeding for the appointment of a receiver was auxiliary to the original case, and properly followed the final judgment and decree. *Chicago, etc., R. W. Co.* v. *St Clair*, 144 Ind. 371.

The first special judge, during his sitting, was not required by any issue then formed to pass upon the question of appointing a receiver. The petition for such receiver, although in aid of the decree originally rendered, was a new invocation of the equity powers of the court, and was an appeal to the court, rather than to its judge or to the special judge who presided in the original suit. The right to put that jurisdiction into exercise did not depend upon the will or pleasure of the special judge, but rested with the court whose regular judge was disqualified from acting, all but to

appoint a special judge. The first special judge reached a definite conclusion and exercised the jurisdiction he was called upon to entertain. The application for a receiver was as distinct from the original proceeding, in calling for the action of the regular judge in selecting a judge to hear it, as if the original proceeding had been purely legal instead of equitable and the new proceeding had required the exercise of another jurisdiction. We have no doubt that the special judge so appointed to hear the application for a receiver had jurisdiction, and that the demurrer to the plea in abatement was properly sustained.

We think there can be no question of the sufficiency of the petition to support the appointment of a receiver. From its allegations it appeared that the property was inadequate to secure the debt; that the debtor was insolvent; that the mortgagors did not occupy the property; that the security was in peril from the lapse of insurance and the maturity of taxes. This is sufficient. Section 1236, Burns' R. S. 1894 (1222 R. S. 1881); *Favorite, Rec.,* v. *Deardorff,* 84 Ind. 555; *Connelly* v. *Dickson,* 76 Ind. 440; *Storm* v. *Ermantrout,* 89 Ind. 214; *Main* v. *Ginthert,* 92 Ind. 180; *Hursh* v. *Hursh,* 99 Ind. 500; *Merritt* v. *Gibson,* 129 Ind. 155.

That the appellants, or either of them, may have been entitled to an exemption cannot be considered with reference to the sufficiency of the petition, as no facts appear therein from which the privilege will be deemed to have been claimed by them. The answer setting up the claim of the appellant, John W. Harris, to an exemption and his duty to interpose the claim in the proceeding for the appointment of a receiver are sought to be maintained upon the authority of *Storm* v. *Ermantrout, supra.* There the petition raised affirmatively the issue, and upon it the court adjudged that the rentals were subject to the payment of the mort-

gage debt.   It was held that the debtor could not, in the face of that adjudication, obtain another hearing as to the liability of the rentals so to pay the debt. The inference from the language of the learned judge who wrote that opinion is, that if the question had not been put at rest by the adjudication, the right to an exemption, if such right existed, might thereafter be asserted.   Here the petition sought no such decision, and the order, as we have shown, included only the direction to apply rentals to insurance and taxes and to retain the balance subject to the future order of the court.   That this was a proper order is conceded upon the theory of the offer of the appellants to permit a receiver to be appointed and upon the discussion of their counsel in this court with reference to that offer. At any rate, the order did not preclude the appellants upon the question of an exemption, but left that question open for disposition upon the distribution of the fund, if any shall remain.   As to whether the right of exemption exists in favor of John W. Harris, we offer no opinion.

We find no error in the judgment of the circuit court, and the same is affirmed.