## SALEM–BEDFORD STONE COMPANY *v.* HOBBS, ADMINISTRATOR.

[No. 3,831.    Filed November 19, 1901.]

APPEAL AND ERROR.—*Reversal of Judgment on Answers to Interrogatories Notwithstanding General Verdict.*—Upon the return of a general verdict for plaintiff defendant filed motions for judgment on answers to interrogatories and for a new trial. The court rendered judgment for defendant on the answers to interrogatories, notwithstanding the general verdict, without passing upon the motion for a new trial, which judgment was reversed on appeal. After the cause was remanded defendant insisted that its motion for a new trial should be ruled upon. *Held,* that judgment was properly rendered on the general verdict. Comstock and Wiley, JJ., dissent. *pp. 605, 606.*

JUDGMENT.—*Verdict.*—*Interest.*—Where judgment was not rendered for sometime after the return of the verdict, interest from the date of the verdict should not be included in the judgment, but the judgment should be made to bear interest from the date of the verdict. *pp. 606, 607.*

From Lawrence Circuit Court; *J. D. Alexander,* Special Judge.

Action by Joel H. Hobbs, administrator, against the Salem-Bedford Stone Company. From a judgment for plaintiff, defendant appeals. *Modified and affirmed.*

*M. F. Dunn,* for appellant.

*J. E. Boruff, J. R. East* and *R. H. East,* for appellee.

ROBY, J.—This case has been twice appealed to this court and once to the Supreme Court. *Salem-Bedford Stone Co.* v. *Hobbs,* 11 Ind. App. 27; *Salem-Bedford Stone Co.* v. *Hobbs,* 144 Ind. 146; *Hobbs* v. *Salem-Bedford Stone Co.,* 22 Ind. App. 436.

Upon the last trial appellant recovered judgment upon interrogatories and their answers returned by the jury with a general verdict for appellee, which was by this court reversed. *Hobbs* v. *Salem-Bedford Stone Co., supra.* The trial court, when the cause was returned to it, rendered judgment upon the general verdict in conformance to the mandate. When this court held that appellant was not entitled to judgment notwithstanding the general verdict, it necessarily held that appellee was entitled to judgment thereon. This appeal is taken from the judgment so rendered.

After the jury had returned its verdict appellant filed two motions (1) for judgment notwithstanding the general verdict, (2) for a new trial. The former motion was sustained, and no ruling was made upon the latter since it could not be entitled to a favorable ruling upon both motions. *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170.

After the case was remanded, appellant insisted that its motion for a new trial should be ruled upon presumably in its own favor. The court ignored the motion, and the

claim now is that, having filed such motion seasonably, appellant was entitled to a ruling thereon before judgment against it.

Lawsuits are not tried by instalments. When the appeal was taken by Hobbs from the judgment against him the entire cause was transferred to this court. Appellant had no occasion for a new trial. If it had desired a new trial it should have pressed that motion, and had it secured a favorable ruling thereon no one would have suspected that the motion for judgment was not waived. Having elected to take judgment, it thereby placed itself in the same relation to its other motion.

When this case was here last appellant argued that the appeal was improperly taken from the judgment in its favor because the motion for a new trial had not been ruled upon by the lower court. The anomalous position occupied by one who having obtained the ultimate object of its endeavor, namely, judgment in its favor, sought to defeat his adversary's appeal therefrom because in addition to judgment he was not also granted a new trial, was allowed to pass without comment. A writ of *certiorari* was had, however, to bring that motion in the record and it needs no argument to show that the entire case was before the court. When under such circumstances a judgment is reversed, the further proceeding is prescribed by the statute. "When the judgment is reversed, in whole or in part, the Supreme Court shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it; but if no new trial is required, with particular instructions relative to the judgment to be rendered and all modifications thereof." §672 Burns 1901. This court not having found that the purpose of justice required a new trial, it follows that the attempt to have two appeals is not effective.

The verdict was returned March 9, 1898. Judgment September 6, 1899. Interest was included in the judgment from the date of the verdict. This was wrong. It would

compel appellant to pay interest on interest from judgment until payment. A seasonable motion was made to modify the judgment by striking out the amount of interest included therein. This motion should have been sustained. §7044 Burns 1901.

Cause remanded, with instructions to modify the judgment by reducing it to $3,500, the same to bear interest at six per cent. from the date of verdict, and the judgment thus modified is affirmed. Costs of this appeal to be taxed to appellee.

COMSTOCK, J. (dissenting).—When this cause was remanded to the lower court, the record showed a general verdict in favor of appellee and answers to interrogatories which the Appellate Court had held were not inconsistent therewith. By the reversal, the judgment was vacated. In effect, the motion *non obstante* was overruled. Appellant's motion for a new trial was still pending. Upon that motion, in the opinion of the writer, the appellant was entitled to a ruling.

Wiley, J., concurs in dissenting opinion.