HOGUE ET AL. *v.* THE STATE, EX REL. BOARD OF SCHOOL COMMISSIONERS, ETC.

[No. 3,480.    Filed January 30, 1902.]

OFFICERS.— *Bonds.* — *Principal and Surety.*—*Laches.* — The defense that the officers were guilty of laches in reëlecting a school trustee who was a defaulter and allowing him to qualify as treasurer of the board, is not available to the sureties in an action on the bond of such trustee. Wilson *v.* Town of Monticello, 85 Ind. 10, distinguished. *pp. 286, 287.*

SAME.—*Bonds.*—*Principal and Surety.*—*Estoppel.*—The sureties on the bond of a school trustee are estopped from setting up as a defense to an action on the bond that the trustee was a defaulter as such trustee at the time of his reëlection and execution of bond. *p. 288.*

APPEAL AND ERROR.—*Motion for New Trial Pending Appeal.*—Where pending an appeal the appellee files a certified copy of a complaint for a new trial on account of newly discovered evidence that the judgment was too small, no question will be decided relative to the merits of the application for a new trial. *p. 288.*

From the Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by the State on the relation of the School Commissioners of the city of Indianapolis on the bond of Samuel A. Hogue, treasurer of the Board of School Trustees of West Indianapolis. From a judgment in favor of relator, defendants appeal. *Affirmed.*

*W. V. Rooker*, for appellant.

*W. T. Brown, C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. Smith*, for appellee.

Roby, J.—Suit on the bond of Samuel A. Hogue, school trustee of West Indianapolis, and treasurer of the board. Appellants, Marmon and Hallowell, were sureties, and appeal from a judgment for $2,033.76. It was averred in the complaint that said Hogue unlawfully converted $6,500 of the moneys belonging to the school revenues of said city. The questions discussed relate to the sufficiency of certain answers filed by the appellants, which were held insufficient.

It was averred in the first paragraph that Hogue had been treasurer of the school board during the term immediately preceding the one on account of which the bond in suit was executed; that during such preceding term he became a defaulter; that the common council and the board of school trustees knew, or might have known by the exercise of reasonable diligence, of such default; that they wrongfully allowed him to continue in such office, and, notwithstanding his default, the council reëlected him school trustee, and the school board reëlected him treasurer thereof, thereby holding him out as honest and competent, and as a person worthy of confidence; that the plaintiff by the acts of its servants, said council and trustees, intended to deceive appellants, to the end that they should thereby be induced to execute said bond; and that the bond was executed because of the same.

The bond was payable to the State. §5528 Horner 1901. The members of the school board were elected by the common council. §4439 Horner 1901. The board organized by the election of a president, secretary, and treasurer. §4439 Horner 1901. The auditor of the county in which the city is situated was required to, and did, approve the bond. §4439 *supra*.

Appellants rely on the case of *Wilson* v. *Town of Monti-*

*cello*, 85 Ind. 10, as sustaining the proposition that fraud by the officers prevents recovery on the bond. In that case the principal in the bond sued upon was not a public officer, but an agent employed to refund municipal indebtedness. The bond was not given in pursuance to the requirements of any statute, but as a part of a business transaction. *Bundy* v. *Town of Monticello*, 84 Ind. 119, 132. It was held that fraud on the part of the town officers, whereby the sureties were induced to execute the bond, invalidated it as to them. Treating the instrument as a private, and not as an official bond, given in a business transaction, and not in pursuance of a statute, the decision was correct. The language used and the authorities cited show that it was so treated.

The distinction between acts done by a public officer and acts done by an individual, whereby one is induced to become surety, was not considered by the court. The opinion shows that it was not in the mind of the court, and therefore was not decided. There is such a distinction. The government is not responsible for the laches or wrongful acts of its officers. *Minturn* v. *United States*, 106 U. S. 437, 1 Sup. Ct. 402, 27 L. Ed. 208; *Hart* v. *United States*, 95 U. S. 316, 24 L. Ed. 479; *Osborne* v. *United States*, 86 U. S. 577, 22 L. Ed. 208; *United States* v. *Pine River, etc., Co.*, 61 U. S. Appeals 69, 32 C. C. A. 406, 89 Fed. 907. The defense that other officers were guilty of laches in allowing Hogue to qualify for his second term, is not available to the sureties.

Statutory directions are given for the security and convenience of the public, and form no part of the contract between it and the sureties on an official bond. The validity of the bond does not depend upon the performance of statutory duty by other officers. *Stern* v. *People*, 102 Ill. 540; *Palmer* v. *Woods*, 75 Iowa 402, 39 N. W. 668; *Fidelity, etc., Co.* v. *Commonwealth* (Ky.), 47 S. W. 579; *Frownfelter* v. *State*, 66 Md. 80; *County of Waseca* v. *Sheehan*,

42 Minn. 57, 43 N. W. 690, 5 L. R. A. 785; *Board, etc.,* v. *Olis,* 62 N. Y. 88; *County of Pine* v. *Willard,* 39 Minn. 125, 39 N. W. 71, 1 L. R. A. 118; *School District* v. *Hubbard,* 110 Iowa 58, 81 N. W. 241, 80 Am. St. 271; *Anderson County* v. *Hays,* 99 Tenn. 542, 42 S. W. 266. It follows that the demurrer to this paragraph of answer was correctly sustained.

The third paragraph of answer proceeds upon the theory that Hogue, being a defaulter at the end of his first term, was ineligible further to hold the office. Constitution, Art. 2, §10. Granting the alleged ineligibility, it does not follow that the appellants are in any way released. They are estopped from setting it up in this suit, and can secure no advantage from its existence. Throop Pub. Officers, §288; Meechem Pub. Officers, §296; Murfree Official Bonds, §673; Herman Est. and Res. Judicata, §631; *Lucus* v. *Shepherd,* 16 Ind. 368; *Middleton* v. *City of Elkhart,* 120 Ind. 166; *State ex rel.* v. *Golding, ante* 233. The demurrer to the pleading was correctly sustained, and the judgment should be affirmed.

The appellee in support of a motion to advance has filed a certified copy of the complaint for a new trial on account of newly discovered evidence. The action is now pending in the circuit court. The claim is that the judgment herein is too small by $1,869.57, on account of the suppression of evidence by the appellants. The effect of the appeal is to transfer the entire case to this court. *Salem-Bedford Stone Co.* v. *Hobbs,* 27 Ind. App. 604. The pleading above referred to is one of the papers in an independent action. *Wolf* v. *Goodwin,* 2 Ind. App. 79; *Hines* v. *Driver,* 100 Ind. 315. No question will, therefore, be decided relative to the merits of the application. The trial court will be left free to dispose of it as the interest of justice may require.

The judgment is affirmed, but such affirmance shall not operate to prevent a new trial being granted to appellee should the trial court find him entitled thereto.