## RUSSELL V. BRUCE ET AL.

[No. 19,87C.   Filed June 19, 1902.   Rehearing denied December 12, 1902.]

MORTGAGES.—*Foreclosure.—Rents During Year of Redemption.—Receivers.*—The court rendering a decree of foreclosure is authorized by subdivision 4, §1236 Burns 1901, after the sale of the mortgaged property for less than the amount of the judgment, to appoint a receiver to collect and keep, for the further order of the court, the rents accruing during the year allowed for redemption, as against the owner of the property sold.   *p. 555.*

SAME.—*Foreclosure.—Rents During Year of Redemption.—Receivers.*—A mortgagee who purchases the mortgaged property at foreclosure sale for less than the amount of his judgment is entitled to the rents accruing during the year of redemption, as against the owner, for application to the unpaid balance of his judgment.   *pp. 555, 556.*

SAME.—*Foreclosure.—Rents During Year of Redemption.*—The fact that a mortgagee who purchased the property at a foreclosure sale for less than the amount of his judgment did not obtain a personal judgment against the owner of the land who had purchased it from the mortgagor, did not affect the right of the mortgagee to the rents of the land during the redemption period.   *p. 556.*

SAME.—*Foreclosure.—Rents During Year of Redemption.—Exemption.*—Where a mortgage is foreclosed and the property sold to the mortgagee for less than the judgment, the owner of the property who purchased it from the mortgagor, and against whom no personal judgment was rendered, can not, as against the mortgagee, under the householder's exemption statute, claim the rents, during the year of redemption.   *p. 557.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Suit by Margaret Bruce against Isaac Russell and another to foreclose a mortgage.  From a judgment for plaintiff, defendant Isaac Russell appeals.  Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*T. E. Johnson* and *D. A. Myers,* for appellant.

*Woodburn Masson, W. P. Reagan* and *H. C. Hendrickson,* for appellees.

HADLEY, J.—Samuel Waters being the owner of real estate on June 25, 1897, mortgaged the same to Margaret Bruce, appellee, to secure a note for $1,700. Subsequently, on July 1, 1898, Waters sold and conveyed the property by warranty deed to Isaac Russell, appellant. On July 27, 1899, default in payment having been made, Mrs. Bruce brought foreclosure against Waters and Russell, and on November 9, 1899, recovered a judgment for $2,079, and decree of foreclosure, but took no personal judgment against Russell. At the sheriff's sale under the decree December 16, 1899, Mrs. Bruce purchased the property for about $200 less than the amount due upon the judgment, and receipted the judgment by the amount of her bid. After the sheriff's sale, to wit, on December 30, 1899, the court, upon motion of Mrs. Bruce, and over the protest, objection, and exception of Russell, appointed a receiver "to take charge of said property during the year for redemption, collect the rents and profits, and apply the same as the court shall direct." The property was not redeemed from said sale. Russell continued the owner from his purchase from Waters until after the expiration of the year for redemption and held possession by a tenant, from whom he collected rents up to December 30, 1899, when he was ousted from collecting the rents by the appointment of the receiver. The rents accruing during the year for redemption, collected by the receiver, were not in excess of the amount required fully to pay the balance of the mortgage debt, principal and interest. At the close of the year, Russell, claiming to be entitled to the money collected by the receiver as the owner of the fee, petitioned the court, reciting the above facts, for an order upon the receiver to pay it to his use. Mrs. Bruce demurred to appellant's petition and filed a counter petition of her own, claiming to be entitled to said rents for application to the unpaid balance of her judgment. The court sustained appellee's demurrer, and

ordered the money paid to her upon her counter petition, and Russell appeals.

Two questions are presented by the record: (1) Has the court which renders a decree of foreclosure after sale of the mortgaged premises for less than the amount of the judgment, authority to appoint a receiver to collect and keep, for the further order of the court, the rents accruing during the year allowed for redemption, as against the owner of the property sold? (2) Is the mortgage creditor, who is also the purchaser at the foreclosure sale for less than the amount of his judgment, entitled to the rents accruing during the year for redemption, as against the owner, for application to the unpaid balance of his judgment?

It should be regarded as settled in this State, since the statute of 1881 (§779 Burns 1901), that a purchaser at a general judgment or foreclosure sale in his relation as a purchaser, is not entitled to rents accruing for one year after his purchase. The owner of the real estate sold is entitled to the use and rents for that period, as an inseparable incident to his right of possession. *World Building, etc., Co. v. Marlin,* 151 Ind. 630, and cases cited.

But it is equally well settled that in foreclosure proceedings an insolvent mortgagor or owner who does not redeem, and who holds possession by a tenant, as in this case, during the year for redemption, is not entitled to the rents and issues of the property as against a mortgagee purchaser whose judgment is not wholly paid; and in such case a receiver of the rents may be appointed after the sale, or before, upon proof of inadequacy of the security, and insolvency of the debtor. §1236 Burns 1901, clauses 4, 6; *Merritt* v. *Gibson,* 129 Ind. 155, 15 L. R. A. 277; *Harris* v. *United States Savings, etc., Co.,* 146 Ind. 265, 269; *Sweet & Clark Co.* v. *Union Nat. Bank,* 149 Ind. 305; *World Building, etc., Co.* v. *Marlin, supra.*

In theory, a purchaser of real estate at sheriff's sale gets all he bargained for when he receives the deed and posses-

Russell *v.* Bruce.

sion at the end of a year. He bids on the property knowing that possession and enjoyment will be denied him for a year, and submits his bid upon his judgment of the present value of the estate, as affected by the postponed enjoyment. In such case the possession for a year is neither bid on, nor sold. So when he gets his money and interest back by redemption, or receives possession of the property purchased, in accordance with the terms of his contract, he is destitute of any legal or equitable claim for rent against any one. It is otherwise with a mortgagee who becomes the purchaser at his own foreclosure sale. A mortgage creating a lien on specific property for the payment of a particular debt or the performance of a particular duty is a matter of free contract. The law neither prohibits nor promotes; it authorizes. The contract of the mortgagor is to pay the debt on the terms specified, or surrender to the mortgagee the particular property, not reserving to himself any right therein, except to redeem within the period fixed by law. And when the mortgagor has made default, and the court has decreed a forfeiture of the pledge, such a decree carries with it, by virtue of the contract, a forfeiture by the mortgagor of the entire estate and all rights and incidents connected therewith except the right to redeem by making full payment of the secured debt within the statutory limit. The lien of the mortgage is not merged in the decree, nor discharged by the sale *(Merritt v. Gibson, supra)*, but continues to operate upon the rents and profits for any unpaid balance until actual possession has been bestowed upon the mortgagee purchaser.

That no personal judgment against appellant accompanied the decree of foreclosure makes no difference. The absence of such judgment does not alter the force and effect of the judgment *in rem,* nor affect the continuing lien of the mortgage until possession was obtained by the purchaser.

Judgment affirmed.

## On Petition for Rehearing.

Per Curiam.—Appellant complains because we did not rule more directly upon his claim to the money in the hands of the receiver under the householder's exemption statute.  §715 Burns 1901.

For reasons stated in the last page of the original opinion, appellant, under the facts of this case, is not entitled to the money in controversy under the exemption law.   When the property was his own he was perfectly free to hold it, and reserve his householder's exemption therefrom, or sell it, or convey it by mortgage to secure an indebtedness.   He exercised his privilege, and, to the extent of the debt secured, the execution and foreclosure of the mortgage was, as against his right of exemption, an alienation *pro tanto,* as effectual as a conveyance by deed.   As against the mortgage debt he had no property or money to which his claim for exemption could attach.   *Love* v. *Blair,* 72 Ind. 281; *Sullivan* v. *Winslow,* 22 Ind. 153; *Slaughter* v. *Detiney,* 15 Ind. 49.

Petition for rehearing overruled.