## CLINE *v.* MASSEY ET AL.

[No. 13,978.   Filed February 7, 1930.   Rehearing denied February 28, 1930.   Transfer denied June 26, 1931.]

*Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellant.

*Clark & Nichols,* for appellees.

NICHOLS, J.—Action by appellee Massey to foreclose a second mortgage upon real estate owned by appellant, and also asking for the appointment of a receiver. Appellant was not the mortgagor and had not signed the mortgage, but had purchased the land subject to the lien of the mortgage; she had not assumed or agreed to pay the mortgage. There was judgment in favor of appellee Massey for $5,998.52, and interest and costs, and a receiver was appointed and collected $500 rent for the real estate. The land was sold under the decree of foreclosure for $6,034.58, the purchaser being the mortgagee, appellee herein. The sheriff deducted the costs and expenses of the sale and turned over to appellee Massey the balance, to wit: $5,900.58. This amount was $134 less than the amount in full of appellee's judgment. Appellant then filed her verified petition asking that the receiver be discharged and the funds received by the receiver be ordered paid to appellant. The receiver filed a petition to pay taxes in the sum of $263.78, which taxes were a lien on the real estate at the time the judgment of foreclosure was rendered, but payable in 1929. The court refused to dissolve the receivership and refused to order payment of the rent to appellant and ordered the receiver to pay said taxes. From this action of the court as to the receiver, this appeal, appellant assigning such ruling as error.

Appellant's contention that the judgment was fully satisfied by the sale, and that the receiver should, therefore, be discharged, and the rentals in his hands paid to appellant, cannot prevail. Appellant is also in error in her contention that the court should not have ordered the receiver to pay taxes, which were a lien on the property. The land did not sell for a sum sufficient to pay the judgment in full. The costs of the suit, including costs occasioned by the sale, are a part of the judgment recovered by appellee in the foreclosure decree.

By the express terms of the mortgage, the mortgagors agreed to pay, prior to the first day of November and May of each year, all taxes and assessments against said premises, and, on demand, to exhibit receipts therefor, and to waive all right of possession of, and income from, said premises after any default in payment or a breach of any of the agreements or covenants therein contained and pending any foreclosure proceedings, and until the period of redemption for any sale thereunder expired, and agreed that, upon filing of any complaint to foreclose the mortgage, a receiver might, at once, or after decree of sale or sale thereunder, be appointed without notice and without bond on the part of the complainant therein, to take possession or charge of said premises, and collect such income or rent therefrom. The receiver was appointed for that purpose and properly applied the rent to the discharge of the balance of the judgment of the purchasing mortgagee, and, by order of the court, to the payment of the taxes, that were a lien on the real estate at the time of the foreclosure decree, and which the mortgagor, by the terms of the mortgage, agreed to pay. *Russell* v. *Bruce* (1902), 159 Ind. 553, 64 N. E. 602, 65 N. E. 585.

We find no error. Judgment affirmed.

Enloe, J., dissents.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant, on petition for rehearing, to sustain her contention that she is entitled to the rent of the real estate during the year for redemption, that the same should be paid to her, and that the receiver should be discharged, cites *World Bldg., etc., Co.* v. *Marlin* (1898), 151 Ind. 635, 52 N. E. 198. But that case is readily distinguished from the case at bar, in that there was no provision in the mortgage there involved, so far as appears, as to the payment of the taxes nor the surrender of the premises, nor as to the appointment of a receiver in the event of a default in the provisions of the mortgage, and such provisions are in the mortgage here involved.

Appellant says that after the costs and the taxes are paid, there will be left in the hands of the receiver about $100, to which appellant is clearly entitled, but that the court's denial of her petition amounts to an adjudication that she is not entitled to the balance remaining after the payment of the costs and taxes. Appellant seems to overlook the provision of the mortgage to surrender possession of the real estate in the event of any default in its terms. We do not understand that the court adjudicated as to appellant's right to any balance that may be left in the hands of the receiver after paying legitimate claims against the funds in his hands, under the terms of the mortgage, nor do we decide as to appellant's right to such balance, if any there be.

Petition denied.