NEWTSON *v.* GREEN ET AL.

[No. 25,960.   Filed April 7, 1932.]

*Orville W. Nichols,* for appellant.

TRAVIS, C. J.—Appellees Green commenced this action against appellant Hallie Newtson and others to foreclose a mortgage on real estate. The complaint alleged, in addition to the usual allegations for simple foreclosure of a mortgage, that the defendants were insolvent and that the property covered by the mortgage was wholly insufficient in value to pay and discharge the debt due under the mortgage, and a receiver was asked to collect the rents and profits during the year for redemption. Appellant filed a general denial to this complaint and all the rest of the defendants defaulted. After trial, a decree was entered foreclosing the mortgage against all the defendants and rendering a personal judgment against James M. Newtson, the only defendant liable on the mortgage debt, but no receiver was appointed at that time. The amount of the judgment was $4,128.06. An order of sale was issued to the sheriff and his return thereon shows that he duly advertised the sale and sold the same to appellees for the sum of $4,000, this being the highest bid at such sale. Thereafter, appellees filed a petition for the appointment of a receiver alleging that the property had sold for $4,000, and that the defendants were insolvent. Appellant filed a general denial to this application, a hearing was held by the court which resulted in an order appointing a receiver, as prayed. The court made a finding that the property was

of the value of $5,500, that there was a deficiency after sale of the property in the sum of $234.36, that the judgment debtor was insolvent, and that the property was occupied by tenants and not by the owners thereof.

The only error assigned by appellant is the action of the lower court in appointing the receiver to collect the rents and profits during the year allowed for redemption.

The court has examined the record and finds that the findings of the lower court are all sustained by competent evidence introduced by appellees.

It was not error for the lower court to appoint a receiver to take charge of the property after sheriff's sale and during the year of redemption. It is the established rule in this state that the appointment of a receiver to collect the rents and profits of real estate on which a mortgage has been foreclosed, during the period allowed for redemption by the mortgagors, is a proper extension of the equity powers exercised by courts of this state prior to the enactment of the redemption laws, where it is shown that the judgment debtor is insolvent and that the security is inadequate. *Merritt* v. *Gibson* (1891), 129 Ind. 155, 27 N. E. 136, 15 L. R. A. 277; *Harris* v. *U. S. Sav. Fund, etc., Co.* (1896), 146 Ind. 265, 45 N. E. 328; *Russell* v. *Bruce* (1902), 159 Ind. 553, 64 N. E. 602, 65 N. E. 585. See *Miller* v. *St. Louis Union Trust Co.* (1931), 202 Ind. 686, 178 N. E. 1.

But appellant earnestly contends that the rule cannot apply in this case for the reason that the lower court specifically found that the property in question had a value of $5,500, although it only sold for $4,000 at the sheriff's sale. Such a finding by the court cannot affect the rights of appellees under their mortgage, however. The lien of a mortgage is not

merged in a decree of foreclosure, nor is it discharged by the sale under such decree, but continues to operate upon the unpaid balance of the mortgage debt until actual possession has been bestowed upon the mortgagee purchaser. *Russell* v. *Bruce, supra.* In the cases heretofore cited, the rule has been laid down that, to entitle a mortgagee to a receiver, he must show both that the judgment debtor is insolvent and that the security is inadequate. After sale under decree of foreclosure for an amount insufficient to discharge the debt due under the mortgage, the security has shown itself to be inadequate, and testimony as to the value of the property is immaterial. The lien of the mortgage still exists and will operate upon the property in any way possible. Therefore, if the property is in the hands of tenants, and the deficiency judgment cannot be collected from the judgment debtor, the property itself is liable for such deficiency, and the rents and profits therefrom should be applied to reduce it until actual possession is given to the mortgagees.

The order appointing a receiver is affirmed.