HEMSTOCK ET AL. *v.* WOOD ET AL.

[No. 16,947. Filed December 1, 1942. Rehearing denied February 2, 1943. Transfer denied March 1, 1943.]

*Carl A. Huebner,* of Hammond (*Arnold G. Huebner,* of Hammond, of counsel) for appellants.

*Frederick C. Crumpacker, Edwin H. Friedrich,* and *Bernard A. Petrie,* all of Hammond, for appellees.

FLANAGAN, P. J.—On March 30, 1936, the Lake Circuit Court in an action there pending, made a special finding of facts which found that appellees were bondholders under a certain mortgage on real estate located in Hammond, Indiana, executed on June 26, 1926, and fixed the amount of principal, interest and attorney fees due each appellee herein. It also found that appellants were bondholders under a certain mortgage on the same real estate executed November 1, 1929, and fixed the amount of principal, interest and attorney fees due each appellant. The total amount found due appellees was $44,600 and interest from December 26, 1934. The sum of $44,600 included principal $33,000, attorney fees $3,000 and interest to December 26, 1934, $8,600.

Conclusions of law were on the same day entered on the special finding to the effect that appellees were entitled to judgment in the aggregate amount of $48,127.40, the amount of $44,600 found due above plus the interest from December 26, 1934; that the lien of the mortgage of 1926 was prior to the lien of the mortgage of 1929 but that appellee Kaufmann was not entitled to share in such priority. On the same day judgment was entered in accordance with the conclusions of law. From this judgment appellee herein, Kaufmann, appealed to this court (*Kaufmann* v. *Millies* [1939], 106 Ind. App. 569, 18 N. E. [2d] 970) which decided that said Kaufmann was entitled to share in the priority of the 1926 mortgage lien with the other appellees herein and ordered the trial court to restate its conclusions of law accordingly.

On June 29, 1939, pursuant to the mandate of this

court, the Lake Circuit Court restated its conclusions of law and rendered judgment in accordance therewith in the same amounts which were contained in the original judgment. Nothing was said in the judgment as to interest after March 30, 1936. The involved real estate was ordered sold.

On December 8, 1939, pursuant to said decree of the Lake Circuit Court, the sheriff sold the involved real estate for the sum of $50,200, deducted costs and paid over to appellees the sum of $49,798.02.

On May 1, 1931, in an action then pending in the Lake Superior Court, Room 1, that court appointed a general receiver for all the property and assets of Approved Investment Company, the mortgagor in each of the two above described mortgages and owner of the property therein described. On June 25, 1931, on the petition of Roscoe Hemstock, one of the appellants herein, that court ordered its receiver to keep separate and apart from the general funds of said receivership the rents and income received from the property covered by the two mortgages hereinabove referred to, such rents and income to be held by the receiver "for the holders and owners· of liens against the real estate . . . as the several interests, claims and indebtedness of said lienholders and owners may be determined herein, or by other legal proceedings."

One of the above described mortgages provided that upon default, and the other provided that upon the institution of any foreclosure proceeding, a receiver might be appointed to collect the rents, issues and profits from the mortgaged real estate and apply it upon the mortgage indebtedness.

The receiver proceeded to collect the rents until December 8, 1940, when the year of redemption from the sheriff's sale expired and a deed was issued to the

purchaser, and had on hand, after payment of all expenses the sum of $12,149.56.

On February 15, 1941, appellants filed their claim in the receivership asking that said sum of $12,149.56 be paid to them to apply on their judgment rendered by the Lake Circuit Court as we have hereinabove set forth. On March 6, 1941, appellees filed their claim in said receivership asking that from such fund on hand the receiver be ordered to pay to them $9,068.11, with interest from December 8, 1939, to cover the deficit under their judgment rendered by the Lake Circuit Court. To this claim of appellees, appellants filed objections. The cause was submitted to the court on both claims and objections of the respective parties and on July 5, 1941, the Lake Superior Court, Room 1, found for appellees that they were entitled to prior payment of $9,591.00 from the funds in the hands of the receiver and entered judgment accordingly.

Appellants filed a motion for a new trial on the grounds that the decision is not sustained by sufficient evidence and is contrary to law, and the amount of recovery assessed is too large.

The sum of $9,591.00 allowed appellees as a deficiency on their judgment was computed in the following manner: To the sum of $48,127.40 found due them by the finding of facts of March 30, 1936, and the amount for which judgment was entered on that date and again on June 29, 1939, was added interest on that amount from March 30, 1936, to December 8, 1939, the date of the sale, which made a total of $58,866.13. From this amount was deducted the sum of $49,798.02 received from the sheriff, leaving a balance of $9,068.11. Interest on this amount from December 8, 1939, the date of the sale, to December 8, 1940, the date of the

expiration of the year of redemption, was added, making a total of $9,591.00.

Under the specifications of their motion for a new trial, appellants make the following contentions:

1. Appellees have no lien upon the rents of the mortgaged premises until entry and possession by a receiver for their exclusive benefit, and the order of the Lake Superior Court, Room 1, appointing the receiver and the order of segregation of the rents were not for the exclusive benefit of appellees.

2. The decree of the Lake Circuit Court entered on June 29, 1939, having failed to include interest from March 30, 1936, the date of the finding of facts, appellees are bound by the decree and cannot collect such interest but are only entitled to interest from June 29, 1939, the date of said decree, on the amount for which judgment was therein rendered.

3. If the decree of June 29, 1939, must be considered in conjunction with the finding of facts of March 30, 1936, and interest between the two dates included, then the amount due at the time of the sheriff's sale should be computed by adding the principal sum of $33,000, the attorney fees of $3,000, interest to December 26, 1934, in the sum of $8,600, and interest from December 26, 1934, to the date of the sale on the principal sum of $33,000, so that no interest is allowed on interest or on attorney fees.

We see no merit in appellants' first contention. We know of no rule which prevents a mortgagee in a proper case from receiving rents and profits of mortgaged real estate in payment of a deficiency judgment after the real estate has sold for less than the amount of the judgment, merely because the receiver was not originally appointed for the exclusive

benefit of such mortgagee. In the instant case, soon after the commencement of the foreclosure action, a general receiver was appointed for all the assets of the mortgagee. Involved in the foreclosure action was the question of priority of mortgage liens. Upon the petition of one of the mortgagees the receiver was ordered to sequester all rents and profits for the mortgaged property "for the holders and owners of liens against the real estate . . . as the several interest, claims and indebtedness of said lienholders and owners may be determined herein or by other legal proceedings."

Certainly this order was not made for the exclusive benefit of the petitioner. It was for all lienholders as their priorities should finally be determined.

The law does not require the useless. A receiver of the Lake Superior Court being already in possession of the involved property and an order having been entered by that court that the rents and profits therefrom be held by the receiver for the benefit of lienholders when their priorities were established, it would be a useless gesture for appellees to seek to have the same thing done by the Lake Circuit Court. Nor would it be necessary for each lienholder to petition the Lake Superior Court to have the benefit of its order which clearly stated that it was for the benefit of all of them as their priorities might appear. We may properly assume that in the hearing upon the petition evidence was presented to acquaint the court with the case pending in the Lake Circuit Court and with the fact that the mortgaged property was not of sufficient value to pay the mortgage indebtednesses.

The issue of priority between the parties to this appeal was adjudicated by the final judgment of the

Lake Circuit Court. *Citizens Loan & Trust Co., Exr.* v. *Sanders* (1934), 99 Ind. App. 77, 187 N. E. 396. The lien of appellees' mortgage was not merged in the foreclosure decree and they are entitled to have any deficiency after sale of the mortgaged property satisfied first from the funds in the hands of the receiver in accordance with their priority rights so adjudicated. *Newtson* v. *Green* (1932), 203 Ind. 447, 180 N. E. 579; *Russell* v. *Bruce* (1902), 159 Ind. 553, 64 N. E. 602, 65 N. E. 585.

In considering appellants' second contention we first call attention to § 19-2002, Burns' 1933, § 9994, Baldwin's 1934, the pertinent part of which reads as follows:

"Interest on judgments for money, whenever rendered, shall be from the date of the return of the verdict or finding of the court, until the same is satisfied, . . ."

Appellants take the view that this statute provides for interest between the date of the finding or verdict and the date of the judgment, which interest should be calculated by the court and added to the amount determined by the finding or verdict and the judgment rendered for the such total amount. Such view is erroneous.

This court has held that when judgment is not rendered for some time after the return of a verdict, interest from the date of the verdict should not be included in the judgment, but the judgment should be made to bear interest from the date of the verdict. *Salem-Bedford Stone Co.* v. *Hobbs* (1901), 27 Ind. App. 604, 61 N. E. 956. The same rule would apply to a finding of the court. The judgment must follow the finding or verdict and the court can only enter

judgment for the amount found due in the finding or verdict.

While it would be good practice to provide in the judgment that it should bear interest from the date of the finding, such provision is not necessary, for ■ the statute reads such provision into the judgment. *Lake Erie, etc. R. Co.* v. *Huffman* (1912), 177 Ind. 126, 97 N. E. 434; *Palmer* v. *Glover* (1881), 73 Ind. 529.

Appellants insist that the above statute and the above decisions should not apply when a judgment is followed by an equitable decree. The statute ■ however is clear and unambiguous and makes no such exception.

As to appellants' third contention, it is sufficient to say that the above statute provides that the *judgment* shall draw interest from the date of the finding, not merely a part of the judgment.

In this case the judgment was entered for the amount found due in the special finding of facts. This amount was proper whether entered on the day of the finding or several years later. The judgment itself whenever entered draws interest from the date of the finding.

We find no reversible error in the record.

Judgment affirmed.

CURTIS, J., not participating.

NOTE.—Reported in 44 N. E. (2d) **1016.**