**In re Gary Newman MASTERS and Phyllis Jean Masters, Debtors.**

**Bankruptcy No. IP88–4576WP V.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

July 21, 1989.

William L. Price, Indianapolis, Ind., for debtors.

James W. Secrest, Indianapolis, Ind., for Federal Nat. Mortgage Ass'n.

ORDER OVERRULING FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REJECTION OF PLAN AND DENYING APPLICATION FOR ORDER OF ABANDONMENT OR MOTION TO LIFT AUTOMATIC STAY

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court on the Rejection of Plan and Application for

Order of Abandonment or Motion to Lift Automatic Stay ("Rejection") filed by Federal National Mortgage Association ("Federal") on September 13, 1988. A hearing was held on October 26, 1988. The Court now overrules Federal's rejection of plan and denies its application for order of abandonment and its motion to lift automatic stay on the following findings of fact and conclusions of law.

### Findings of Fact

1. In 1980, the Debtors purchased property located at 1127 East 5th Street, Greenfield, Indiana ("the Property"), which has served as their residence. The Property was subject to a mortgage by St. Joseph Mortgage Company, Inc. ("St. Joseph Mortgage"), which is now held by Federal.

2. On September 17, 1987, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code, Cause No. IP87–5626. On November 3, 1987, the Court confirmed a plan that provided for regular mortgage payments directly to St. Joseph Mortgage and cure of arrearages through plan payments. On November 5, 1989, the automatic stay was modified to allow St. Joseph Mortgage to enforce the mortgage should the Debtors default on their direct payments.

3. The Debtors defaulted on their direct mortgage payments, and Federal filed a complaint to foreclose its mortgage on February 24, 1988, in the Marion Superior Court, Cause No. 49D01–8802–CP–0239. On May 12, 1988, that court ordered the mortgage foreclosed and the Property sold by the sheriff, but there has not yet been a foreclosure sale.

4. The Debtors voluntarily dismissed their first chapter 13 case on September 17, 1988. On July 19, 1989, the Debtors again filed for relief under Chapter 13 of the Bankruptcy Code. They listed the Property as having a value of $32,000.00, subject to Federal's mortgage of approximately $27,000.00. In their plan filed the same day, the Debtors proposed to cure the arrearages of approximately $4500.00 on Federal's mortgage over the 36 months of the plan while resuming regular monthly payments to Federal through the trustee.

5. In its Rejection, Federal asserts that the value of the Property is no greater that the amount of Federal's judgment, stated to be $26,167.21, and costs thereon. Federal presented no evidence of the value of the Property.

6. In its Rejection, Federal asserts that because the Debtors' mortgage was foreclosed before they filed for bankruptcy relief, the mortgage no longer exists and the Debtors cannot use a chapter 13 plan to compel Federal to reinstate the mortgage. Federal does not assert that the plan is not feasible or that the petition or plan was filed in bad faith.

### Conclusions of Law

1. The Court has jurisdiction over this matter. 28 U.S.C. section 157(b)(2)(G) and (L).

2. A party requesting relief from stay has the burden of proof on the issue of the debtor's equity in the property. 11 U.S.C. section 362(g)(1). A party seeking an order of abandonment under 11 U.S.C. section 554(b) must present a prima facie case that the property is burdensome to the estate or of inconsequential value or benefit to the estate. *In re Paolella,* 79 B.R. 607, 610 (Bankr.E.D.Pa.1987). Federal failed to present any evidence that the Debtors lack equity in the Property or that the Property is burdensome or of inconsequential value. The Court will therefore deny Federal's application for abandonment and motion for relief from stay.

3. A chapter 13 plan may not modify the rights of holders of claims secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. section 1322(b)(2). Notwithstanding that provision, however, a plan may provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due. 11 U.S.C. section 1322(b)(5).

4. The dispositive issue is whether the last payment on the debt owed to Federal is due after the final plan payment. There is no dispute that the last payment due under the mortgage would have been due after the last plan payment, but Federal contends that the mortgage has been superseded by the judgment of foreclosure, which is due immediately.

5. Federal cites several cases dealing with foreclosure judgments in its support, including a case from the Northern District of Indiana, which states:

> In Indiana, where a judgment of foreclosure has been entered, and before the actual sale of the property, an owner or part-owner of the real estate may redeem the property only by paying the "amount of the judgment, interest and costs." Ind.Code Ann. sec. 32–8–16–3 (Burns 1980 Repl.)....
>
> .... In the present case, no payment on the loan is due after the final payment under the debtor's plan. Rather, the entire amount owed to the creditor is due on entry of the foreclosure judgment. This occurred before the debtor filed his petition in bankruptcy. As a result, the language of sec. 1322(b)(5) provides no authority for the debtor to void the final state court foreclosure judgment.

*In re Britton*, 35 B.R. 373, 375 (N.D.Ind. 1982). Since that case, however, there has been Seventh Circuit authority which, the Court believes, mandates a different conclusion.

6. In *In re Clark*, 738 F.2d 869 (7th Cir.1984), the Seventh Circuit found that debtors from Wisconsin were allowed to cure arrearages on a residential mortgage loan through a chapter 13 plan even though the debtors had filed for relief after a state court had entered a judgment of foreclosure. In reaching this decision, the court found that under Wisconsin law, a mortgagee has only a lien on the property, not equitable or legal title, even after a judgment of foreclosure is entered. The judgment does not destroy the lien of the mortgage but rather judicially determines the amount thereof. *Id.* at 871. Clearly, if Indiana law operates as Wisconsin law, *Clark* is controlling.

7. Wisconsin law and Indiana law both allow a mortgagor to redeem property after a judgment of foreclosure by paying before sale the amount of the judgment, interest and costs. *See* Ind.Code 32–8–16–3; Wis.Stat.Ann. sec. 846.13. Neither state provides for redemption by payment only of arrearages on the underlying debt. The Seventh Circuit construed Indiana law, albeit in a different legal context, as follows:

> [T]he debtor's property was not transferred in trust to the mortgagee at the time of the creation of the debt. Rather, pursuant to Indiana law, the mortgagee received a security interest only. Legal title to the property was retained by the debtor-mortgagor. Consequently, the only transfer in this case occurred when the debtor's legal title to the property was transferred at the foreclosure sale.....

*In re Bundles*, 856 F.2d 815, 817 n. 2 (7th Cir.1988). Thus, under Indiana law, like that of Wisconsin, title to the mortgaged property does not pass until sale. In Indiana, like Wisconsin, the lien of a mortgage does not merge in the foreclosure decree. *See Hemstock v. Wood*, 113 Ind. App. 112, 44 N.E.2d 1016, 1019 (1942). The Court concludes that Wisconsin and Indiana law are alike in all aspects relevant to the issue at hand, and therefore *Clark* is controlling.

8. The Debtors' plan may provide for curing the arrearages owed to Federal within a reasonable while resuming and maintaining regular monthly payments to Federal. The Court therefore will overrule Federal's rejection of the Debtors' plan.

Judgment on this order will be entered separately.