The cause was argued at March term 1821, by Webster, for the plaintiff, and Prescott and Thacher, for the defendants ; and at March term 1822, the opinion of the Court was delivered, by
Wilde J.
The question we have to decide upon these pleadings is, whether the plaintiff in replevin, who prosecutes his suit until it is abated by the death of the defendant, is liable with his sureties on the replevin bond. After fully considering the case, and the arguments of counsel, we are of opinion that an action on the replevin bond cannot be maintained.
We are first to consider whether the condition of the bond has been performed, or whether, when the replevin suit was abated by the death of the defendant, the judgment of the Court thereon was a final judgment, within the true meaning of the condition.
*293 It has been determined in England, in an action on a replevtn bond with a condition to prosecute with effect, according to the form there, that a prosecution of the suit until it is abated by the death of one of the parties is a prosecution with effect, and a good performance of the condition. Ormond v. Bierly, Carth. 519; Bac. Abr. Replevin, D; Jac. Law. Dict. Replevin, 4. But a nonsuit or discontinuance is in England, as well as here, a breach of the condition. To fulfil the condition, the plaintiff must prosecute to the end of the cause. Therefore, if a replevin suit be removed from a county court to the Court of Common Pleas by recordari facias loquelam, it is not a good plea to an action on the replevin bond, that the plaintiff in replevin did prosecute his action with effect until the record thereof was duly had and removed into the court above. It ought to appear that he prosecuted it there also to the end of the cause. Gwillim v. Holbrook, 1 B. & P. 410; Chapman v. Butcher, Carth. 248; Lane v. Foulk, Comb. 228; Vaughan v. Norris, Cas. Temp. Hardw. 137; Com. Dig. Replevin, D.
From these cases it would seem, that the prosecuting with effect, so far as respects the present question, is equivalent to the prosecuting to final judgment; and that where the writ abates by the death of one of the parties, or for any other cause, the judgment thereon is a final judgment. The judgment which terminates an action, whether it be decisive of the merits of the case or not, may well be denominated a final judgment. Whenever the defendant in replevin is entitled to a return, he should move for it on the rendition of such judgment ; and if he is not so entitled, he cannot complain that the goods were not returned. In most cases, however, where the writ abates, the defendant may avow or make cognizance, or suggestion of his title to the possession of the goods replevied, and may have judgment for a return.
But without determining this point, and supposing that the condition has not been performed, we are still of opinion that the plaintiff cannot maintain this action. The defendant’s second plea in bar shows a sufficient legal excuse for Tucker’s not prosecuting the replevin suit farther than he did. He prosecuted it as far as the law would allow, which is enough.
*294 Where the condition of a bond is possible at the time it is made, and before the same can be performed the condition becomes impossible by the act of God, or of the law, or of the obligee, there the obligation is saved. Co. Lit. 206 a. Thus, if the obligor be bound to infeoff the obligee at a certain day, and before the day the obligor die, the performance of the condition is excused. So, if a man be bound by recognizance to appear at the next term of the court, and before the term die, the recognizance is saved. Or if a man be held to bail, and die before any judgment against him, or even before the return of the copias ad satisfaciendum, the bail is excused.
These are familiar cases, and I cannot perceive how the case at bar can be distinguished from them in principle.
It has been argued, that the replevin bond was substituted for the property, and that therefore there was a vested right in the obligee. But how was there a vested right in the obligee ? In replevin both parties are actors, and the possession of the goods by the defendant in replevin furnishes no legal presumption of property in him. The object of the replevin bond is to compel the plaintiff to prosecute his suit to final judgment, and to return the goods, provided the defendant should appear to be entitled to such return : but certainly not otherwise. Before we can hold the defendants liable for not returning the property, we must be satisfied that the present plaintiff had, at the time of the commencement of the replevin suit, the right of possession, and this right cannot be determined in the present action.
The liabilities of the sureties on a replevin bond are similat, or nearly so, to the liabilities of bail. The security in the one case is no more a substitute for the goods, than that in the other is a substitute for the person.
A replevin bond is an executory contract, a thing in action. The form of the condition is prescribed by law, and must not be extended beyond its obvious meaning. There is no vested right in the obligee, not even the right of an action, until there is some breach of the condition. If, therefore, the condition be performed, or if the performance of it be prevented by the act of God, in connection with the rules of law, without the .fault *295 of the obligor, it is impossible, on any legal principle, to hold him responsible.[1]
Judgment therefore must be entered, that the second count in the plaintiff’s declaration is bad and insufficient in law,' and that the defendants’ second plea to the plaintiff’s first count is good ; and that the defendants recover their costs.[2]

 See Willington v. West Boylston, 4 Pick. 102.

 See Hicks v. Atkins, 4 Mass. R. 103.