## JONES ET AL. v. UNITED STATES.

On a suit by the government against the sureties of a postmaster on his official bond, it is no defence that the government, "through their agent, the Auditor of the Treasury of the Post Office Department, had full notice of the defalcation and embezzlement of funds of the plaintiff before them, and yet neglectfully permitted the said postmaster to remain in office, whereby he was enabled to commit all the default and embezzlement," &c.

ERROR to the Circuit Court for the Southern District of Georgia.

Jones, Ramsay, and Lauterman, as sureties for one Quillian, were sued by the United States on a bond executed on 13th June, 1867, conditioned that the said Quillian should faithfully discharge the duties of postmaster at Milledgeville, Georgia, and "faithfully, once in three months, or oftener, if thereto required, render account of his receipts and expenditures, and pay the balance of all moneys that shall come to his hands, and keep safely all the public money collected by him."

To the default under this bond the defendants put in the plea:

"That as to any default of the said Quillian, their principal in said bond in the declaration mentioned as postmaster aforesaid, within two years before the commencement of this action, they are not liable in law therefor, but have been and are fully discharged and released, by the acts and conduct of the plaintiff, through their agent, the Auditor of the Treasury of the Post Office Department, of the said plaintiff, who had full notice of the defalcation and embezzlement of funds of the plaintiff before them; and yet neglectfully permitted said Quillian to remain in office as such postmaster, whereby he was enabled to commit all the default and embezzlement aforesaid, within two years before the commencement of this action."

To this plea (a plea of the Statute of Limitations having been withdrawn) the plaintiff demurred, and his demurrer was sustained.

The overruling of the plea, and sustaining the demurrer, was now assigned for error.

*Mr. P. Phillips, for the plaintiff in error:*

Assuming that the government is subject to the same legal obligation as would be imposed on an individual occupying the like position, it ought not to be allowed to recover. If A. becomes liable for the faithful discharge of duties by B., as clerk for C., and it should come to the knowledge of C., that B. had embezzled his funds, but notwithstanding C. continues him in his employment, it would be a fraud on A., ignorant of this embezzlement, to hold him responsible for any subsequent act of dishonesty. So we say, in this case, that the knowledge of the government that Quillian had embezzled its funds, should have caused his immediate dismissal. This would have terminated the liability of his sureties, and limited it to the amount then due. But when the government chooses to continue in office an officer known to have committed such an act, it takes upon itself the trust of his future honesty.

*Mr. S. F. Phillips, Solicitor-General, contra.*

Mr. Justice CLIFFORD delivered the opinion of the court, to the effect that it was quite evident that the facts pleaded did not constitute any defence to the action, and that such being the settled law of the court it was not necessary to enter into any discussion of the question.*

JUDGMENT AFFIRMED.

---

* United States *v.* Vanzandt, 11 Wheaton, 184; Bank of the United States *v.* Dandridge et al., 12 Id. 64; Dox et al. *v.* The Postmaster-General, 1 Peters, 318; United States *v.* Boyd et al., 15 Id. 187.