99 U.S. 221
 25 L.Ed. 321
 FARRELL
v.
UNITED STATES.
 October Term, 1878
 
 ERROR to the Circuit Court of the United States for the Northern District of Illinois.
 This action was brought April 12, 1872, on a bond bearing date June 13, 1870, executed by De Witt C. Farrell as principal, and Andrew W. Pinkney and John B. Smith as sureties, to the United States in the penal sum of $33,000, with condition to be void if the obligors or either of them should well and truly pay or cause to be paid unto the collector of internal revenue for the fifth collection district of Illinois the amount of taxes due and owing on the following-described distilled spirits, to wit: four hundred and forty-nine barrels, numbered from 4,951 to 5,449, both numbers inclusive, containing 32,182 89/100 proof gallons, which were entered for deposit in the distillery warehouse, No. 6, of D. C. Farrell, at Peoria, in the fifth collection district of Illinois, on the tenth day of June, 1870, before such spirits should be removed from such warehouse, and within one year from the date of the bond. The bond was taken pursuant to sect. 23 of the act of July 20, 1868, entitled 'An Act imposing taxes on distilled spirits and tobacco.' 15 Stat. 135. The breach assigned was that the tax of $16,116.50, to which said spirits were subject, had never been paid.
 The defendants pleaded non est factum, and that they did not owe any part of the sum demanded. It was stipulated that the defendants might give in evidence under those pleas any matter of defence. The court to which the issues were submitted for trial found them for the United States. Judgment was rendered against the defendants for the penalty of the bond, to be discharged on the payment of $15,502.27 and costs of suit.
 It appears from a bill of exceptions that the court found as a matter of fact that the spirits were destroyed by fire July 27, 1870, without any fault, negligence, or carelessness on the part of said Farrell, or any person in charge of said distillery and bonded warehouse in his employment; that the spirits were so destroyed while in the bonded warehouse connected with his distillery, and that said warehouse was in the charge of an internal-revenue store-keeper.
 The court ruled, as matter of law, that the defendants were liable for the tax.
 The defendants, on the rendition of the judgment, sued out this writ. They assign for error that the court erred,——
 1. In holding that the plaintiffs in error were liable for the tax mentioned in the bond sued on, notwithstanding the finding that, as matter of fact, the spirits upon which the tax was claimed were entirely destroyed by fire, without any fault, negligence, or carelessness on the part of said Farrell, or of any person in his employ in charge of the distillery and bonded warehouse in which they were stored.
 2. In its application of the law to the facts, in this, in holding the plaintiffs in error to be liable, it clearly appearing that without their fault or negligence, from a period prior to the expiration of one year from the date of the bond sued on, it had not been, and at the time of the commencement of this suit it was not, in the power of the United States to deliver said spirits.
 3. In finding the issues for the United States.
 Mr. E. B. McCagg for the plaintiffs in error.
 By the act of 1868, under which this bond was taken, the warehouse in which the spirits were stored was required to be, and the findings show that it was, a bonded warehouse of the United States, under the charge of a revenue store-keeper, assigned thereto by the commissioner of internal revenue. United States v. Tinger, 15 Wall. 111. It was, therefore, the duty of the government to safely keep the spirits thus in its exclusive custody until they were removed therefrom by the owner, on his paying the tax, at any time within twelve months from the execution of the bond. The obligation to pay does not arise until he removes them. The recital that the tax was due and owing at the date of the bond was an unwarranted interpolation in that instrument, officially extorted, and void. United States v. Tingey, 5 Pet. 114. It cannot work an estoppel, because it is not of the essence of the contract, but merely a mistaken construction of the statute. The United States could not, at that date, have maintained a suit against Farrel for the tax. It had no vested right, not even a right of action, until some breach of the bond had been committed. Badlam v. Tucker, 18 Mass. 284. No breach is committed if the tax be paid on the removal of the spirits; and this payment can only be made by purchasing stamps, each one of which must have a serial number, corresponding to that on the barrels. These stamps could not have been furnished after the destruction of the spirits.
 Upon the payment of the tax the owner is entitled to an order for the delivery of the spirits. This is the provision of the statute; and the agreement of the government to deliver them on such payment will be inferred, although there be no express covenant to the effect. The government must therefore be in a condition to deliver before this action can be maintained. Having only the same rights and remedies, it incurs the same liabilities as a natural person. United States v. Tingey, supra; Same v. Bradley, 10 Pet. 343; Same v. Hodge, 6 How. 279; Neilson v. Lagow, 12 id. 98; Dugan et al. v. United States, 3 Wheat. 172; Dixon v. United States, 1 Brock. 177. To this contract there are reciprocal obligations. The government did not have the property in its possession for twelve months from the date of the bond. The plaintiffs in error were entitled to all that period before the right to the tax accrued, upon the delivery to them of the property; and having lost all the benefits of the contract, they are excused from performing their part of it. Badlam v. Tucker, supra; United States v. Dixey, 3 Wash. 15; Same v. Mitchell, id. 95; Mounsey v. Drake, 10 Johns. (N. Y.) 27; Baylies v. Fettyplace, 7 Mass. 325; Irion v. Hume, 50 Miss. 419.
 Mr. Assistant Attorney-General Smith, contra.
 MR. JUSTICE STRONG delivered the opinion of the court.
 
 
 1
 The evidence given in the court below we cannot consider. It is improperly brought before us. The Circuit Court made no special finding of facts. All the finding it made was, that the high wines or distilled spirits mentioned in the distiller's warehousing bond were entirely destroyed by fire without any fault, negligence, or carelessness on the part of the distiller, or of any person in charge of the distillery and bonded warehouse in the employment of the distiller; that they were so destroyed while in the bonded warehouse connected with the distillery, and that the warehouse was in the charge of any internal-revenue store-keeper. The single question, therefore, is, whether these facts thus found relieve the obligors in the bond from liability to pay the government tax upon the liquors thus destroyed. We think they do not. The bond was dated on the 13th of June, 1870. It bound the obligors in a penal sum, conditioned to pay the taxes on the spirits deposited in the warehouse before their removal, and within one year from the date thereof. The obligation was unconditional, and it was exactly that which the distiller and his sureties were by the act of Congress required to assume. Act of July 20, 1868, sect. 23; 16 Stat. 135, 136. Depositing distilled spirits in a government warehouse did not make them the property of the government, or cause them to be held at the risk of the bailee. The property remained in the distiller, and the risk of loss by fire or any other casualty was consequently his. He and his sureties undertook to pay the government tax upon the spirits in the warehouse within one year, with no exception for any possible contingency. The judgment of the Circuit Court was, therefore, correct. The case of the distiller may be a hard one; but his misfortune is not the fault of the government. He might have protected himself by insurance, and possibly he did; or he might have obtained relief under the act of Congress of May 27, 1872, 17 Stat. 162. By that act Congress has provided a way in which a remission of the tax upon distilled liquors, casually destroyed while in the custody of a revenue officer in a bonded warehouse, may be obtained. The provision of such a mode of relief indicates a purpose to exclude any other.
 
 
 2
 Judgment affirmed.