## UNITED STATES v. BANK OF AMERICA.*

*'Circuit Court, E. D. Pennsylvania.* January 15, 1883.)

INTERNAL REVENUE—ASSESSMENT LIST—EVIDENCE—REV. ST. § 3408, SUBSEC. 2; §§ 3224, 3226.

    In an action by the United States to recover a tax of one twenty-fourth of 1 per centum each month upon the capital stock of a bank, under section 3408, subsec. 2, the assessment list made by the commissioner of internal revenue and not appealed from is not conclusive evidence, but the defendant may show that the assessment was excessive or illegal.

Rule for a New Trial.  *Assumpsit,* for a tax of one twenty-fourth of 1 per centum each month upon the capital stock of a bank, amounting, with fines and interest, to $3,168.12.

The plaintiff put in evidence the official assessment list, made by the commissioner of internal revenue, under section 3408, Rev. St., subsec. 2, and closed.

The defendant offered to prove (1) that the capital of the defendant was less than $45,000, and not in the amount charged in the assessment list, put in evidence; (2) that at the time of said assessment the defendant was not engaged in business as a bank, and had no capital employed in the business of banking, or liable to be taxed.

The court rejected the offers, and directed a verdict for plaintiff, reserving the question of their admissibility.

*H. T. Dechert* and *Henry M. Dechert,* for the rule.

The assessment list was not conclusive evidence, and our offer was admissible to show that the assessment was erroneous and illegal.

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

*Clinkenbeard* v. *U. S.* 21 Wall. 65; *U. S.* v. *Halloran,* 22 Int. Rev. Rec. 321; *Ketchum* v. *Pacific R. R.* Id. 383; *U. S.* v. *Myers,* 3 Hugh, 239; 5 FED. REP. 364; *Runkle* v. *Ins. Co.* 6 FED. REP. 143; *U. S.* v. *Rindskopf,* 105 U. S. 418.

*Hood Gilpin,* Asst. Dist. Atty., and *John K. Valentine,* Dist. Atty., *contra.*

The assessment, being regular and unappealed from, was conclusive, and the defendant may not set up as a defense to this action what could not be made a cause of action against the collector, nor upon which the collection of the tax would be restrained. Rev. St. §§ 3224, 3226; *Collector* v. *Hubbard,* 12 Wall. 1; *Bergdoll* v. *Pollock,* 95 U. S. 337.

*Eo die.* THE COURT. When the government elects to resort to the aid of the court, it must abide by the legality of the tax.

The defendant may show that it was not, at the time for which the assessment was made, doing business as a bank, within the definition in section 3407, Rev. St., and that the assessment was therefore illegal.

Rule absolute.

Oral opinion by McKENNAN, J.; BUTLER, J., concurring.

---

A corporation whose business is confined to the investment of its capital in bonds secured by mortgage on real estate, and to the negotiation, sale, and guaranty of them, is not a bank or banker within the meaning of section 3407 of the Revised Statutes. *Selden* v. *Eq. Trust Co.* 94 U. S. 419. Whether the mere business of buying, carrying, and selling stocks for others, on the deposit of money or property as a margin for their security, would come within the definition "bankers," *quære. Clark* v. *Bailey,* 12 Blatchf. 156. See *Northrup* v. *Shook,* 10 Blatchf. 243. Under the section taxing deposits in banks, an entry made in the depositor's pass-book of a deposit or payment is a "certificate of deposit" or "check" or "draft," within the meaning of the section. *Oulton* v. *Savings Institution,* 17 Wall. 109. Under the proviso of section 3408 of the Revised Statutes, savings banks are not exempt from taxation if they have a capital stock, or if they do any other business than receiving deposits to be lent or invested for the sole benefit of the depositor. Id. A construction of a proviso which makes it plainly repugnant to the act is inadmissible. *Savings Bank* v. *U. S.* 19 Wall. 228. If, after paying expenses, the bank sets apart a portion of the net earnings for a reserve fund, the moneys paid to depositors are dividends, within the meaning of this section, and not interest, within the meaning of the proviso. *San Francisco, S. & L. Soc.* v. *Cary,* 2 Sawy. 333; affirmed, 22 Wall. 38.—[ED.