POWELL v. UNITED STATES.

(Circuit Court, W. D. New York. January 30, 1905.)

1. INTERNAL REVENUE — REBATES — RULES AND REGULATIONS—REASONABLE-NESS.

The rules and regulations prescribed by the Commissioner of Internal Revenue on April 28, 1902. providing for claims for rebate of taxes paid on manufactured tobacco and snuff, as authorized by Act April 12, 1902, c. 500, § 3, 32 Stat. 96 [U. S. Comp. St. Supp. 1903, p. 277], are not objectionable for unreasonableness.

2. SAME—NONCOMPLIANCE.

A bankrupt's trustee was not entitled to recover rebates of internal revenue on tobacco and snuff manufactured by the bankrupt, as au-

135 F.—56

thorized by Act April 12, 1902, c. 500, § 3, 32 Stat. 96 [U. S. Comp. St. Supp. 1903, p. 277], where there was evidence tending to show that the bankrupt's claim was fraudulent, and there was a failure to comply with the rules and regulations prescribed therefor by the Commissioner of Internal Revenue.

Action to Recover Rebate of Taxes Paid on Tobacco.

Vincent H. Riordan, for plaintiff.

Charles H. Brown, U. S. Atty.

HAZEL, District Judge. The controverted questions submitted for decision are, first, whether the rules or regulations prescribed by the Commissioner of Internal Revenue on April 28, 1902, providing for claims for rebate under Act April 12, 1902, c. 500, § 3, 32 Stat. 96 [U. S. Comp. St. Supp. 1903, p. 277], of taxes paid on manufactured tobacco and snuff, are unreasonable; and, second, whether the bankrupts complied with such regulations in preparing and filing their claim. The evidence given to show the manner in which the inventory of stock was made by the claimants and their witnesses need not be repeated here. Special findings of fact have been made that the plaintiff failed to prove the claim for drawback. The authority to adopt such rules and regulations and to prescribe and furnish printed forms as may be necessary to carry the statute into effect is not questioned. A careful reading of the prescribed regulations for making the inventory of stock discloses no insurmountable difficulty or hardship in conforming to the requirements. Nor is the rule perceptibly unreasonable or oppressive. Its adoption undoubtedly was to facilitate carrying out the drawback provision and to prevent frauds. The trend of the adjudicated cases, to which attention was directed on the argument, is to the effect that a remission of a tax such as this can only be secured by a compliance with the reasonable exactions of the official empowered by act of Congress to carry out the rebate law. Farrell v. The United States, 99 U. S. 221, 25 L. Ed. 321; Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267; Campbell v. The United States, 107 U. S. 407, 2 Sup. Ct. 759, 27 L. Ed. 592; Pascal et al. v. Sullivan, Collector, etc. (C. C.) 21 Fed. 496. Whether the rules and regulations must be strictly complied with or to a reasonable extent only, need not be decided. The elicited proofs show a failure to even reasonably conform to the requirements. The suggestion that the claim of the bankrupts is fraudulent, and that much of the tobacco claimed to have been inventoried in the manner indicated was never in their possession, is inferentially supported by the failure of the trustee in bankruptcy to find the property after his appointment. The difference between the amount of tobacco mentioned in the inventory and that actually accounted for is so great as to confirm such inferences. Moreover, the witnesses do not pretend that the inventory was made in accordance with the instructions of the Commissioner of Internal Revenue. The regulations prescribed by the commissioner are not unreasonable. The failure, therefore, of the bankrupts to conform to the governing rules and regulations is not satisfactorily explained.

The defendant may have judgment dismissing the complaint.