FREEMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1907.)

No. 731.

INTERNAL REVENUE—ACTION ON DISTILLER'S BOND TO RECOVER TAXES—DEFENSES.

Rev. St. § 3221, as amended by Act March 1, 1879, c. 125, § 6, 20 Stat. 341 [U. S. Comp. St. 1901, p. 2087], which provides that when any distilled spirits deposited in warehouse are destroyed by accidental fire or other casualty without fraud, collusion, or negligence of the owner thereof no taxes shall be collected on such spirits, confers on such owner a legal right which is enforceable in the courts, and is not dependent on the discretionary action of the Secretary of the Treasury, and such destruction of spirits in a warehouse by accidental fire may be set up as a defense to an action by the government on a distiller's bond to recover the taxes thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Internal Revenue, § 70.]

In Error to the Circuit Court of the United States for the Western District of North Carolina.

James J. Britt and M. W. Brown, for plaintiffs in error.
A. E. Holton, U. S. Atty.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

PRITCHARD, Circuit Judge. This is an action brought by the United States against Authel H. Freeman and the National Surety Company to recover the sum of $2,302.53, alleged to be due as taxes upon spirits deposited in the distillery warehouse of the said Authel H. Freeman, together with 5 per cent. penalty and interest from the 1st day of January, 1904.

It was admitted that the bonds upon which suit was instituted were executed by Authel H. Freeman, as principal, and National Surety Company, as surety; that the packages of distilled spirits upon which taxes are claimed were manufactured by the said Authel H. Freeman and duly deposited in a bonded warehouse. It was also admitted that the warehouse in question was accidentally destroyed by fire, without fraud, collusion, or negligence on the part of the distiller or his surety. Plaintiff below interposed a demurrer upon the ground that the

answer was insufficient and did not set forth facts sufficient to constitute a legal defense, and judgment was rendered upon the pleadings for the amount claimed to be due.

In considering the merits of this controversy, it becomes necessary to determine whether the court below erred in holding that the answer was insufficient in that it did not "set forth facts sufficient to constitute a legal defense to the cause of action set up in plaintiff's complaint." In other words, are the plaintiffs in error, under the circumstances, entitled in a court of law to assert a right conferred upon the distiller by an act of Congress.

The act of May 27, 1872, c. 218, 17 Stat. 162 [U. S. Comp. St. 1901, p. 2087], contains the following provision:

"The Secretary of the Treasury, upon the production to him of satisfactory proof of the actual destruction by accidental fire or other casualty, and without any fraud, collusion, or negligence of the owner thereof, of any distilled spirits, while the same remained in the custody of any officer of internal revenue in any distillery warehouse, or bonded warehouse of the United States and before the tax thereon has been paid, may abate the amount of internal taxes accruing thereon, and may cancel any warehouse bond, or enter satisfaction thereon, in whole or in part, as the case may be. And if such taxes have been collected since the destruction of such spirits, the said Secretary shall refund the same to the owners thereof out of any moneys in the treasury, not otherwise appropriated." Rev. St. § 3221 [U. S. Comp. St. 1901, p. 2087].

The foregoing section left the determination of the questions to which it related to the Secretary of the Treasury; and it was decided in the case of Farrell v. United States, 99 U. S. 221, 25 L. Ed. 321, that the action of the Secretary in pursuance of the authority vested in him by this section was final and conclusive. The Supreme Court in that case held that the determination of the matter rested solely in the discretion of the Secretary of the Treasury, and that there was no remedy afforded the distiller by which he could secure an adjudication by the courts of any rights conferred by the statute, and under these circumstances the amendment to section 3221 [U. S. Comp. St. 1901, p. 2087] was evidently intended to enlarge the statute so as to give the United States courts concurrent jurisdiction in such cases and thus enable such courts to hear and determine any right conferred upon distillers and their sureties.

This amendment was passed March 1, 1879, c. 125, § 6, 20 Stat. 341 [U. S. Comp. St. 1901, p. 2087], and reads as follows:

"And when any distilled spirits are hereafter destroyed by accidental fire or other casualty, without any fraud, collusion, or negligence of the owner thereof, after the time when the same should have been drawn off by the gauger and placed in the distillery warehouse provided by law, no tax shall be collected on such spirits so destroyed, or if collected, it shall be refunded upon the production of satisfactory proof that the spirits were destroyed as herein specified." Rev. St. § 3221 [U. S. Comp. St. 1901, p. 2087].

This provision is embodied as a part of section 3221 of the Revised Statutes [U. S. Comp. St. 1901, p. 2087], and was evidently intended as an amendment of that section.

The law, as it now stands in relation to this subject, may be epitomized as follows: (a) That the Secretary of the Treasury may abate taxes before collection upon the production to him of satisfactory proof; (b) that the Secretary of the Treasury shall refund taxes after col-

lection. The amendment passed in 1879 provides: (a) No tax shall be collected. (b) If collected shall be refunded.

The amendment to section 3221 of the Revised Statutes [U. S. Comp. St. 1901, p. 2087] expressly provides that when any distilled spirits deposited in warehouse are destroyed by accidental fire or other casualty, without fraud, collusion, or negligence of the owner thereof, that no taxes shall be collected on such spirits so destroyed, etc. This provision clearly confers upon a distiller a right, and that right is that in all cases where spirits are destroyed by accidental fire or other casualty, etc., that no taxes shall be collected on the spirits thus destroyed.

The government seeks to obtain a judgment against the distiller and his surety, and invokes the aid of the United States court for that purpose. It institutes a suit upon a bond which was executed by the distiller and his surety for the payment of any taxes that might be due by the distiller; and while the execution of the bond by the distiller and his surety is admitted, nevertheless it is still incumbent on the government to show that the distiller is indebted to the government for the amount claimed to be due for taxes on distilled spirits. Thus we have a well-defined issue as to whether the distiller is indebted to the government for taxes on distilled spirits. However, it is insisted by counsel for the government that the court is powerless to hear any evidence which the defendants may offer in relation to the issue thus raised. The distiller and his surety contend that the distiller is not indebted to the government, and in support of such contention it is averred that the spirits deposited in the warehouse were accidentally destroyed by fire, without any fraud, collusion, or negligence of the defendants. This is as complete a defense to the action, when proven or admitted, as the plea of payment could possibly be when proven or admitted. The statute expressly provides that no tax on spirits destroyed in this manner shall be collected. To hold that the distiller and his surety under such circumstances would not be entitled to assert a right thus conferred as a defense to such an action would be in utter disregard of the rights of the defendants below and would deprive them of their property without due process of law, as well as to deny them the equal protection of the laws.

It is admitted by counsel for the government that the spirits in question were accidentally destroyed by fire without any fraud, collusion, or negligence of the plaintiffs in error, and that the law (Act March 1, 1879) provides that no tax shall be collected on such spirits so destroyed, but it is insisted that notwithstanding that the plaintiffs in error are by law invested with the right thus conferred, that the court is powerless to afford a remedy. We cannot see our way clear to give our assent to this construction of the statute.

Blackstone, in discussing this phase of the question, after referring to two classes of cases where a remedy is afforded by mere operation of law, says:

"In all other cases it is a general and indispensable rule that where there is a legal right there is also a legal remedy by suit, or action at law, whenever that right is invaded."

In legal parlance, to refer to one as having a right, presupposes the existence of a remedy. It would be inconsistent for Congress to un-

dertake to confer a right without affording a remedy, and in this instance there is no doubt as to the nature of the right which was intended to be conferred upon the distiller.    The statute is positive and unequivocal in relation to the subject with which it deals, and when construed in accordance with the well-defined rules of construction it is in the nature of an exemption; and in cases where it can be shown that the spirits were destroyed under the circumstances alleged in the answer, the facts set forth therein, when proven (or admitted as in this instance), the defense is as complete and effectual as where the statute of limitations is relied upon.    It is provided that under such circumstances the distiller shall not be required to pay the government any tax, and the exemption of the payment of taxes contemplated by this section inures to the benefit of the surety as well as the distiller, inasmuch as the surety stands in the shoes of the distiller, and it necessarily follows that any right conferred upon, or any exemption in favor of, the distiller, can be taken advantage of by the surety and pleaded as a defense to an action of this character.    The institution of this action against the surety clearly raises an issue as to whether the surety has become liable on the warehouse bond of the distiller for any taxes that may be due by the distiller to the government.    The provisions of the bond are such that the surety undertakes to guarantee the payment of any and all taxes that may be due the government on packages of spirits deposited in the warehouse during a certain period of time.    Were it not for the act of Congress authorizing the establishment of bonded warehouses, and the provision that the distiller should have eight years in which to pay the taxes on spirits duly deposited therein, as in this instance, the taxes would at once become due and payable.    However, Congress has in its wisdom seen fit to afford this extension of time to distillers, and one who becomes surety under such circumstances sustains the same relation to the government that a surety would to an individual when he undertakes to answer for the default or miscarriage of another, and were it not for the provisions contained in section 3221 of the Revised Statutes [U. S. Comp. St. 1901, p. 2087] the surety would be liable for the full amount of the undertaking, notwithstanding any accident or casualty which might befall his principal in the meantime.    The basis of the right of the government to recover against the surety depends upon its ability to show that it is entitled to recover the amount alleged to be due against the principal.    The government has, in this instance, sought to collect the amount of taxes alleged to be due in a court of law, and in order to do so has instituted proceedings for that purpose.    Under these circumstances it would be unprecedented to hold that, notwithstanding certain rights were conferred upon the distiller by the provisions of the statute, yet the surety, when sued on his joint obligation with the distiller, should not be entitled to assert this right as a defense to the action instituted against him.    In the case of the United States v. Bank of America (C. C.) 15 Fed. 730, among other things, it is said:

"When the government elects to resort to the aid of the court, it must abide by the legality of the tax." Clinkenbeard v. United States, 21 Wall. 65, 22 L. Ed. 477; United States v. Myers, 3 Hughes, 239, Fed. Cas. No. 15,846.

While under the revenue laws taxes are due the government by the distiller on distilled spirits as soon as the same are produced, and there is ample machinery for collecting the same by warrant of distraint without the government being required to secure a judgment against the distiller, yet this provision of the law only applies to the distiller in cases where the spirits have not been placed in a bonded warehouse as hereinbefore stated; but before the government can collect any taxes from the surety that might be due by the distiller it must first obtain a judgment against the distiller as well as the surety, and when an action is instituted for that purpose it necessarily raises an issue as to whether the distiller is due the government anything, and this issue must be determined in favor of the government before a judgment can be obtained against either. Therefore the surety from the very nature of the suit would be entitled to show by way of defense anything which would relieve him from a compliance with the obligation which he had assumed, and it is expressly provided by the statute that under certain conditions, which if shown to exist (or admitted, as in this instance) to wit, that the spirits were destroyed by accidental fire or other casualty, without fraud, collusion, or negligence on the part of the distiller, no taxes shall be collected on such spirits, it would undoubtedly be competent for the surety to plead such matters as a bar to the right of recovery.

For the reasons herein stated, we are of the opinion that the learned judge below erred in sustaining the demurrer filed by the defendant in error. The judgment of the circuit court is therefore reversed, and the case will be remanded, with instructions to proceed with the same in accordance with the views herein expressed.

Reversed.