UNITED STATES v. SISK et al.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1910.)

No. 933.

**1.** INTERNAL REVENUE (§ 23*)—DISTILLER'S BOND—BREACH.

Rev. St. § 3260, as amended by Act Cong. May 28, 1880, c. 108, § 1, 21 Stat. 145 (U. S. Comp. St. 1901, p. 2114), requires every distiller to give bond to faithfully comply with all the provisions of law relating to distilleries, and to pay all penalties incurred, or fines imposed on him for violation of any such provisions. *Held*, that such section not only contemplates that the distiller shall comply with all the law relating to distilleries, and pay all penalties and fines imposed on him for violation of its provisions, but also that he shall pay taxes on spirits distilled within the required 15 days, and hence, in an action on a distiller's bond for failure to pay taxes on spirits within such time, it was no defense that the spirits were seized by a revenue officer under a distress warrant and lost through the officer's negligence; the breach of the bond being the distiller's failure to pay the taxes within the time, or to warehouse the spirits according to law.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 23.*]

**2.** INTERNAL REVENUE (§ 23*)—DISTILLER'S BOND—ACTION.

Where a complaint on a distiller's bond alleged that the distiller produced 138 gallons of spirits which he removed from the distillery premises without paying the taxes thereon, and such allegation being denied, it was not material that the proof did not show that the distiller removed the spirits from the distillery premises; it appearing that the tax was not paid within the required 15-day period, as required, and that the spirits were seized by a revenue officer.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 23.*]

**3.** UNITED STATES (§ 78*)—NEGLIGENCE OF OFFICERS.

The United States is not responsible for the negligence of an internal revenue officer, by reason of which spirits seized for nonpayment of the tax by the distiller were lost.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 62; Dec. Dig. § 78.*]

**4.** INTERNAL REVENUE (§ 12*)—DISTILLED SPIRITS—"CASUALTY."

Rev. St. § 3221 (U. S. Comp. St. 1901, p. 2087), provides that when any spirits are destroyed by accidental fire or other "casualty" without any fraud, collusion, or negligence of the owner, after they should have been drawn off by the gauger and placed in the distillery warehouse, no tax shall be collected thereon, or, if collected, it shall be refunded. *Held*, that spirits lost after seizure by an internal revenue officer, through the latter's mere negligence, were not lost by reason of "casualty," within such section.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 2, pp. 1, 2; vol. 8, p. 7597.]

Goff, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Greensboro.

Action by the United States against Kelly W. Sisk and others. Judgment for defendants, and plaintiff brings error. Reversed.

This is an action of debt on a distiller's bond. The complaint in the fourth paragraph alleges that the breach of bond consists in the fact as therein alleged that the defendant Sisk, during the period from the 1st day of May,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1901, to the 1st day of May, 1902, produced "138 gallons of spirits which he removed from the said distillery premises without paying the tax thereon," which was $151.80; and the object of the action is to recover not only that amount of tax, but 5 per cent. penalty and interest at 12 per cent. per annum from the 1st of September, 1901.

The answer denies the allegations of the fourth paragraph of the complaint: that is, it denies that the distiller Sisk removed from the distillery premises the spirits so alleged to have been produced without paying the tax thereon. On the trial the plaintiff introduced the assessment list for September, 1901, showing an assessment for $151.80 upon three packages of spirits produced by the defendant's distillery during the months of June and July, 1901, and thereupon the defendant Sisk, sworn in his own behalf, testified that the spirits produced in the months of June and July, 1901, were not entered in bond, and no warehousing bond was given therefor; that the taxes upon the spirits were assessed and a warrant of distraint issued therefor, and the spirits so produced were taken by the deputy collector and removed from the distillery premises to a place 10 miles distant and advertised for sale and lost and never sold, without any fraud or collusion on the part of the said defendants.

The court charged the jury that if the spirits upon which the taxes were assessed under the warrant of distraint were taken by the deputy collector and removed from the distillery premises and from the possession of the distiller 10 miles distant, and placed in an old warehouse, as testified to by the defendant Sisk, and were removed therefrom and allowed to waste, and were lost without fraud or collusion on the part of the defendants and without the defendants' knowledge, the plaintiff would not be entitled to recover. The jury found the issue thus submitted in favor of the defendants, and judgment was rendered accordingly.

To this charge of the court the plaintiff in error excepted, and upon that is based the only assignment.

A. L. Cobie, Asst. U. S. Atty. (A. E. Holton, U. S. Atty., on the brief).

William P. Bynum, Jr., for defendants in error.

Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

PRITCHARD, Circuit Judge (after stating the facts as above). Treating the statement of the case as found in the record made by the court below as the bill of exceptions required by our rule 10—the same having been signed and sealed by the judge—and evidently intended as such bill, we find the facts to be as follows:

"The plaintiff introduced the assessment list for September, 1901, from the office of the collector of internal revenue for the Fifth collection district of North Carolina, showing an assessment of $151.80 assessed upon three packages of spirits produced by the defendant's distillery during the months of June and July, 1901.

"The defendant, Kelly W. Sisk, offered himself a witness in behalf of himself, and testified that the spirits produced for the months of June and July were not entered in bond, and no warehousing bond was given therefor; that the taxes upon the spirits were assessed and warrant of distraint issued therefor and placed in the hands of J. A. Petree, the then deputy collector in charge of the division, who seized the same spirits on which the taxes were assessed under the warrant of distraint and removed them from the distillery premises to an old warehouse at Walnut Cove and had the same advertised for sale; that by the negligence of the said deputy collector the said spirits whilst in his custody were lost and were never sold, without any fraud or collusion on the part of the said defendant."

From the foregoing it will be seen that the distiller in this instance neglected and failed to comply with the requirements of the law, to

wit, to pay the taxes on spirits distilled within the period required by law, or to place the same within a bonded warehouse after having executed a bond for the payment of the taxes thereon.

Section 3260, as amended by Act May 28, 1880, c. 108, § 1, 21 Stat. 115 (U. S. Comp. St. 1901, p. 2111), provides as follows:

"Every person intending to commence or to continue the business of a distiller, shall on filing with the collector his notice of such intention, and before proceeding with such business, and on the first day of May of each succeeding year, execute a bond in the form prescribed by the commissioner of internal revenue, conditioned that he shall faithfully comply with all the provisions of law relating to the duties and business of distillers, and shall pay all penalties incurred or fines imposed on him for a violation of any of the said provisions; and that he shall not suffer the lot or tract of land on which the distillery stands, or any part thereof, or any of the distilling apparatus, to be incumbered by mortgage, judgment, or other lien, during the time in which he shall carry on said business. Said bond shall be with at least two sureties, approved by the collector of the district, and for a penal sum of not less than * * * the amount of tax on the spirits that can be distilled in his distillery during a period of fifteen days."

Among other things, this section contemplates that the distiller shall comply with the provisions of law relating to the duties and business of distillers, and pay all penalties and fines imposed upon him for a violation of its provisions, and also that he shall pay the taxes on the spirits that may be distilled at his distillery during a period of 15 days. It appears in this instance that the spirits seized were not placed in a warehouse, but retained in the possession of the distiller, and that he failed to pay the taxes on the same. The government by proper proceedings attempted to collect the taxes due on the spirits by assessment, and in pursuance of such assessment a distraint warrant was issued, and the packages of spirits were seized and taken into custody by the deputy collector. Under these circumstances, there was a breach of the distiller's bond, and the distiller and his sureties thereby became liable for the payment of the taxes on the spirits thus produced.

It is insisted by counsel for defendants in error that inasmuch as "it is alleged in the fourth paragraph of the complaint that the distiller, Sisk, produced 138 gallons of spirits which he removed from the distillery premises without paying the taxes thereon, and this allegation being denied in the answer, and there being no proof to sustain it, the plaintiff was not entitled to recover."

This being a suit on a distiller's bond, wherein the sureties, among other things, undertook to pay the taxes on any spirits that might be produced and not warehoused at any time during a period of 15 days, it necessarily follows that the real issue in this controversy is as to whether the distiller has complied with the law in this respect.

It being alleged that the distiller produced 138 gallons of spirits upon which he did not pay the taxes, it is immaterial as to whether the spirits were removed from the distillery premises by the distiller, or, as in this instance, by an agent of the government. The breach of the bond was the failure of the distiller to either pay the taxes within the 15-day period or to warehouse the spirits in accordance with the provisions of law.

In the case of Harkins v. Williard, 146 Fed. 706, 77 C. C. A. 132, this court, among other things, said:

"Primarily the distiller is liable for the taxes due on the spirits distilled, and, in case of default, his sureties are also jointly liable for the same."

However, it is insisted by counsel for defendants in error that the government is liable for the negligence of its officers or agents, and that such negligence constitutes a bar to recovery. This question was passed upon in the case of United States v. Guest, 143 Fed. 456, 74 C. C. A. 590. The court, among other things, in disposing of that case, said:

"We are inclined to differ with the learned judge of the lower court in all three particulars. As to the loss of the spirits, it is true that the distillery and its contents had been seized by the government's representative, and the defendants may be said to have in no manner brought about the loss; still it does not serve to relieve the liability under the bond. That the government is not liable for negligence or laches of its officers or agent is well recognized and settled, and such negligence constitutes no bar or defense to a recovery upon a bond taken by the government. * * *"

The Supreme Court of the United States also passed upon this question in the case of Hart v. United States, 95 U. S. 318, 24 L. Ed. 479. That suit was instituted on a distiller's bond, as in this case. The breach alleged was the nonpayment of $3,000 demanded of him, being the amount of taxes on 6,000 gallons of spirits which he had distilled after the 1st day of June, 1871. The distiller made no defense. The other defendants filed three pleas. On motion of the plaintiff, all of the first plea except such as averred the nondelivery of the bond sued on was stricken out. Demurrers to the second and third were sustained, whereupon the defendants excepted. The third plea reads as follows:

"That the taxes charged and sued for were assessed against Hosmer on spirits he had distilled, and were a first and paramount lien thereon; but that the collector of internal revenue for the district, without the knowledge or assent of the defendants, and without first requiring the payment of the taxes thereon, permitted him to remove from the bonded warehouse a quantity of said spirits—more than sufficient to pay any just claim of the plaintiff."

Demurrers to the second and third counts of defense were sustained by the court below, whereupon the defendants excepted, and the case was carried to the Supreme Court of the United States. Chief Justice Waite, who delivered the opinion, in referring to the second and third counts of defense, said:

"The second defense relied upon in this case is disposed of by Osborne v. United States, 19 Wall. 577 [22 L. Ed. 208], which we are not inclined to reconsider.

"The third defense is equally bad. Under the law as it stood when this suit was commenced, no distilled spirits could be removed from a distillery warehouse before the payment of the tax [Act July 20, 1868, c. 186] 15 Stat. 130, § 15 [U. S. Comp. St. 1901, p. 2122], without subjecting all those engaged in such a removal to heavy penalties. 15 Stat. 140, § 36. An officer of the United States had no authority to dispense with this requirement of the law. If in violation of his duty he permitted such a removal, he subjected himself to punishment, but did not bind the government by his acts. The government is not responsible for the laches or the wrongful acts of its officers. Gibbons v. U. S., 8 Wall. 269 [19 L. Ed. 453]; United States v. Kirkpatrick, 9 Wheat. 720 [6 L. Ed. 199]; United States v. Vanzandt, 11 Wheat. 184 [6 L. Ed. 448]; United States v. Nicholl, 12 Wheat. 505 [6 L. Ed. 709]; Jones et al. v. United

States, 18 Wall. 662 [21 L. Ed. 867]. Every surety upon an official bond to the government is presumed to enter into his contract with a full knowledge of this principle of law, and to consent to be dealt with accordingly. The government enters into no contract with him that its officers shall perform their duties. A government may be a loser by the negligence of its officers, but it never becomes bound to others for the consequences of such neglect, unless it be by express agreement to that effect. Here the surety was aware of the lien which the law gave as security for the payment of the tax. He also knew that, in order to retain this lien, the government must rely upon the diligence and honesty of its agents. If they performed their duties and preserved the security, it inured to his benefit as well as that of the government; but, if by neglect or misconduct they lost it, the government did not come under obligations to make good the loss to him, or, what is the same thing, release him pro tanto from the obligation of his bond. As between himself and the government, he took the risk of the effect of official negligence upon the security which the law provided for his protection against loss by reason of the liability he assumed."

Also the following cases are in point: Minturn v. United States, 106 U. S. 437, 1 Sup. Ct. 402, 27 L. Ed. 208; United States v. Witten, 143 U. S. 76, 12 Sup. Ct. 372, 36 L. Ed. 81.

It appears from the brief of plaintiff in error that the foregoing cases were not called to the attention of the learned judge who tried this case below.

The court below instructed the jury that, if they found from the evidence that the collector seized the spirits under·warrant of distraint for taxes due thereon, removed them from the possession of the distiller, and placed them in an old warehouse, and they were there allowed to waste or be lost, without the collusion or fraud of the defendants and without the defendants' knowledge, the plaintiff would not be entitled to recover; and to sustain this view of the law counsel for defendants in error relies upon the provisions of section 3221 (U. S. Comp. St. 1901, p. 2087), which reads as follows:

"And when any distilled spirits are hereafter destroyed by accidental fire or other casualty, without any fraud, collusion, or negligence of the owner thereof, after the time the same should have been drawn off by the gauger and placed in the distillery warehouse provided by law, no tax shall be collected on such spirits destroyed, or, if collected, it shall be refunded upon the production of satisfactory proof that the spirits were destroyed as herein specified."

In the case of Freeman et al. v. United States, 157 Fed. 195, 84 C. C. A. 643, this court held that the "destruction of spirits in a warehouse by accidental fire or other casualty may be set up as a defense to an action by the government on a distiller's warehouse bond to recover the taxes thereon." However, the facts in this case are not such as to entitle the defendants in error to relief under the foregoing section. There is nothing in the record to show that the packages of spirits were destroyed by accidental fire or other casualty. They were distilled and in the possession of the distiller, without the taxes having been paid, and in order to collect the taxes thus due, and unpaid, a distraint warrant was issued by which the packages of spirits were seized and taken out of the possession of the distiller.

Suppose that the deputy collector had seized the spirits in question, and while en route with them to the place of deposit a portion of the spirits had been lost by leakage, leaving a wantage in the packages

thus seized of one-half the amount contained therein at the time of seizure, could it, under such circumstances, be contended that the distiller and his sureties would not be liable under the distiller's bond for the taxes on the amount of spirits lost? We think not.

The failure of the distiller to pay the taxes on the spirits produced within the time prescribed by law not only rendered the spirits on hand liable to seizure, but the property of the distiller as well; but this does not in any wise relieve the sureties of their liability on the distiller's bond.

For the reasons stated, we are of opinion that the court erred in its instructions to the jury involved in the assignment of error. It necessarily follows that the judgment of the lower court must be reversed, and that the cause be proceeded with in that court in accordance with the views herein expressed.

Reversed.

GOFF, Circuit Judge, dissents.