UNITED STATES FIDELITY & GUARANTY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 9, 1912.)

No. 93.

1. INTERNAL REVENUE (§ 23*)—DISTILLER'S BOND—TAXES.

Where a distiller's bond was conditioned that he would in all respects faithfully comply with all the provisions of law and regulations in rela-tion to the duties and business of distilling brandy, etc., it covered a li-ability for taxes assessed on spirits distilled.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 62–67; Dec. Dig. § 23.*]

2. INTERNAL REVENUE (§ 23*)—BOND OF DISTILLER—TAX ASSESSMENT—PRIMA FACIE EVIDENCE.

An internal revenue tax, assessed by the Commissioner of Internal Revenue on liquors distilled, was prima facie evidence of the amount due against both the distiller and his surety.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 62–67; Dec. Dig. § 23.*]

In Error to the District Court of the United States for the District of Connecticut; James P. Platt, Judge.

Action by the United States against the United States Fidelity & Guaranty Company. Judgment for the United States, and defendant brings error. Affirmed.

Writ of error to review a judgment in an action brought by the United States against the plaintiff in error, hereinafter called the defendant, as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

surety upon two distiller's bonds, the relevant portions of which read as follows:

"Now, therefore, if Esadore Gladstone shall in all respects faithfully comply with all the provisions of law and regulations in relation to the duties and business of distillers of brandy from apples, peaches, grapes, pears, pineapples, oranges, apricots, berries, prunes, figs, or cherries, exclusively and shall pay all penalties incurred or fines imposed on  *  *  *  for a violation of any of the said provisions, then this obligation shall be void; otherwise, it shall remain in full force."

The complaint alleged that the defendant executed the bonds as surety for one Gladstone; that said Gladstone engaged in the business of distilling brandy, and that he failed to comply with the provisions of law governing said business in that he did not pay the taxes upon certain brandy produced by him during the periods covered by the bonds.

Upon the trial the government offered in evidence in support of the allegations of its complaint the assessment made by the Commissioner of Internal Revenue based upon an estimate of the amount of brandy distilled by Gladstone.

The government had a verdict and judgment and the defendant has brought this writ of error.

R. T. Hough, of Washington, D. C., and Joseph L. Barbour, of Hartford, Conn., for plaintiff in error.

John T. Robinson, of Hartford, Conn., Sp. Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The first question is whether the payment of taxes was covered by the bonds.

The bonds did not mention taxes expressly but were conditioned upon the faithful compliance by the distiller with all the provisions of law relating to the duties of distillers. One of such provisions required the distiller to pay the taxes upon the spirits which he distilled. Consequently it is impossible to see why compliance with that provision was not a condition of the bonds. And such is the interpretation of the authorities. United States v. National Surety Co., 122 Fed. 904, 59 C. C. A. 130; United States v. Richardson (D. C.) 127 Fed. 893; United States v. National Surety Co., 157 Fed. 174, 84 C. C. A. 622; United States v. Sisk, 176 Fed. 885, 100 C. C. A. 355; United States v. Bicket, 24 Fed. Cas. No. 14,590. See, also, United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131.

The bonds in the cases cited were in form substantially like those here and we find no such difference in the subjects to which they related as to call for any differentiation in interpretation. Nor do we find anything in the history of the particular statutes involved in this case which requires any other construction of these bonds than the plain one which we have given them.

[2] The second question is whether the trial court erred in its action with respect to the Commissioner's tax assessment.

The rule seems established that an assessment is prima facie evidence of the amount of tax due, and we see nothing in reason or authority why this rule does not exist both in respect of the distiller and of his surety. Indeed we think this the holding of the very case

upon which the defendant relies. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131. In that case the Supreme Court said:

"The assessment of the Commissioner of Internal Revenue was only prima facie evidence of the amount due as taxes upon the spirits distilled between the dates mentioned. It established a prima facie case of liability against the distiller, and nothing more. If not impeached, it was sufficient to justify a recovery; but every material fact upon which his liability was asserted was open to contestation. He and his sureties were at liberty to show that no spirits, or a less quantity than that stated by the commissioner, were distilled within the period mentioned, and thus entirely, or in part, overthrow the assessment. They were also at liberty to show a payment of the tax assessed, in whole or in part, and thus discharge or reduce the distiller's liability. To the extent, however, in which the assessment was not impaired, it was evidence of the amount due."

The court said that the assessment established "nothing more" than a prima facie case. It did not say—as the defendant suggests —that it established such a case against the distiller only. On the contrary, it expressly stated that a case made out by the assessment was one which the distiller "and his sureties" were at liberty to contest.

The instructions given to the jury took away from the assessment the presumption in its favor to which it was entitled and in effect left them to determine upon all the evidence presented whether the Commissioner's estimate was correct. This was not entirely proper but the error was not one of which the defendant can complain.

We find no prejudicial error in the charge or refusal to charge concerning a distiller's duty in accounting for material or concerning the statute of limitation.

The judgment of the District Court is affirmed.